**Terry P. LUSH, Appellant–Claimant,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and MacSteel Service Centers USA, Inc., Appellees–Employer.**

No. 93A02–1007–EX–773.

Court of Appeals of Indiana.

Feb. 11, 2011.

Rehearing Denied April 8, 2011.

Paul T. Berkowitz, Paul T. Berkowitz & Associates, Ltd., Chicago, IL, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

KIRSCH, Judge.

Terry P. Lush appeals from the denial of his motion to reinstate his appeal from an adverse determination of his claim for unemployment benefits. The reinstatement of his appeal was denied by the Director of Unemployment Insurance Appeals ("Director") and that denial was affirmed by the Review Board of the Indiana Department of Workforce Development ("Board") without a hearing. The following issue is presented for our review: whether the Board abused its discretion by adopting the findings and conclusions of the Director thereby affirming the denial of the request to reinstate Lush's appeal.

We reverse and remand this matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

Lush was terminated from his employment with MacSteel Service Centers USA, Inc. and sought unemployment benefits thereafter. On March 1, 2010, a Department of Workforce Development ("DWD") claims deputy issued a determination of eligibility notice finding that Lush was discharged for good cause and that his benefits should be suspended. Lush received instructions for appealing the adverse determination, and he timely filed his notice of appeal seeking appellate review of the initial determination of his ineligibility for benefits in accordance with those instructions. Lush appealed on March 9, 2010.

On March 18, 2010, the DWD mailed a Notice of Hearing to all of the parties in the case. The notice provided information concerning the date and time of the telephonic hearing, including that Lush was to return the participation slip with his phone number to the DWD. On March 30, 2010, the administrative law judge ("ALJ") assigned to his case issued a Notice of Dismissal of the appeal due to Lush's failure to participate in the previously scheduled telephonic hearing. The Notice of Dis-

missal, in relevant part, contained the following statement:

> The party who requested the appeal failed to participate in the appeal hearing scheduled on Monday, March 29, 2010. The Administrative Law Judge, therefore, dismissed the appeal. The [DWD claims] deputy's determination will become final unless the party requesting the appeal files a written request for reinstatement within seven days from the mailing date of this Notice. Requests for reinstatement must show good cause why the appeal should be reinstated.

*Appellant's App.* at 4. The docket notes contain the following comments made by the ALJ.

> 1st # ... invalid, ... second # to a union hall where no one named [Lush] was located, case dismissed

*Tr.* at 11.[1]

Lush timely wrote a letter to the ALJ requesting a reinstatement of his appeal, in which he stated,

> I was at the Union Hall on Monday, March 29, 2010, waiting for your phone call, but the hall said you never called. I was told that the phone number was illegible due to the fact that I had put white out on the paper. I apologize for the confusion, I did not fail to participate, I was there waiting. I request a reinstatement.

*Id.* at 15.

On May 4, 2010, the Director denied Lush's request for reinstatement ruling that Lush did not show good cause why the appeal should be reinstated, and cited to 646 Indiana Administrative Code 3–12–4, which provided that if a party failed to appear at a hearing and applied within seven days showing good cause why the case should be reinstated, the case shall be reinstated. The Director's Notice of Denial of Reinstatement of Appeal, included the provision that Lush had eighteen days to appeal the Director's decision to the Board and contained the following statement:

> The administrative law judge dismissed the appeal because the Claimant, the party requesting the hearing, did not appear. The administrative law judge mailed the dismissal on Tuesday, March 30, 2010, and the Claimant applied for reinstatement on Tuesday, April 6, 2010. Since the appealing party did not show good cause why the case should be reinstated, the request for reinstatement is **DENIED**.

*Appellant's App.* at 16 (emphasis in original).

Lush appealed the denial of his request for reinstatement of his appeal to the Board. The Board did not hold a hearing before issuing its decision on June 14, 2010. The Board held that it

> adopt[ed] and incorporate[d] by reference the findings of fact and conclusions of law of U.I. Appeals Director Miller and affirm[ed] the Notice of Denial of Reinstatement of Appeal with the following addendum:

> In his request for reinstatement of his appeal, the Claimant indicated that he "was at the Union Hall on Monday, March 29, 2010, waiting for your phone call, but the hall said you never called." The telephone number on the acknowledgement form that the Claimant returned to the Administrative Law Judge had been whited-out and then re-written over the white out. The Administrative

---

1. We refer to the bound volume containing the documentary evidence as the transcript (*Tr*).

Law Judge tried two logical variations of the number to try to reach the Claimant. The first number was an invalid telephone number. The second number she tried, 219–949–1550, reached Union Local 142. The acknowledgement form did not include an extension number, so the Administrative Law Judge chose to speak with the operator after hearing all of the telephone menu choices. The Administrative Law Judge identified herself to the operator and asked for the Claimant by name and then asked if there was anyone there who would be participating in a hearing about him. The operator answered in the negative. The Administrative Law Judge attempted to contact the Claimant to participate in the hearing. The Claimant has not shown good cause for failing to participate in the Administrative Law Judge hearing.

*ORDER:* The decision of the Administrative Law Judge is affirmed as modified.

*Id.* at 17. Lush now appeals.

## DISCUSSION AND DECISION

"In the words of the Legislature, the purpose of the Indiana Unemployment Compensation Act ["the Act"] is

> to provide for payment of benefits to persons unemployed through no fault of their own, to encourage stabilization in employment, and to provide for integrated employment and training services in support of state economic development programs, and to provide maximum job training and employment opportunities for the unemployed, underemployed, the economically disadvantaged, dislocated workers, and others with substantial barriers to employment. . . ."

*Giovanoni v. Review Bd. of Indiana Dep't of Workforce Dev.,* 927 N.E.2d 906, 910 (Ind.2010) (quoting Ind.Code § 22–4–1–1).

The Act provides that parties to a disputed claim for unemployment benefits are to be afforded "a reasonable opportunity for a fair hearing." Ind.Code § 22–4–17–3.

■ As for procedure, the Act provides that any decision of the Board shall be conclusive and binding as to all questions of fact. Ind.Code § 22–4–17–12(a). When the Board's decision is challenged as being contrary to law, a court on review is limited to a two-part inquiry into: (1) the sufficiency of the facts found to sustain the decision; and (2) the sufficiency of the evidence to sustain the findings of facts. I.C. § 22–4–17–12(f). Under this standard, courts are called upon to review (1) determinations of specific or "basic" underlying facts, (2) conclusions or inferences from those facts, sometimes called "ultimate facts," and (3) conclusions thereon. *See McClain v. Review Bd. of Indiana Dep't of Workforce Dev.,* 693 N.E.2d 1314, 1317 (Ind.1998). The Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Board's findings. *Id.* The Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* As such, they are typically reviewed to ensure that the Board's inference is "reasonable" or "reasonable in light of [the Board's] findings." *Id.* at 1318. Legal propositions are reviewed for their correctness. *Id.*

We note that, here, the Notice of Denial of Reinstatement of Appeal issued by the Director makes reference to 646 Indiana Administrative Code 3–12–4. Our research reveals that this provision expired under Indiana Code Chapter 4–22–2.5 effective January 1, 2009. Effective January 1, 2009, the Commissioner of the DWD

established a written policy regarding telephone hearings before ALJs and the Board. http://www.in.gov/dwd/files/DWD_Policy_2008-31.pdf (last visited Jan. 6, 2011). A written policy regarding hearings before the administrative law judge was issued on January 2, 2009, effective January 1, 2009. The written policy in effect at the time of the hearing provides as follows:

> *Failure to Appear*
>
> If the party who has requested the appeal fails to appear at an ALJ hearing, after having received due notice, the ALJ can, at the ALJ's discretion, dismiss the appeal and the determination from which the appeal was requested will be deemed final unless the appeal is reinstated as provided.
>
> If a party failing to appear at an ALJ hearing applies within seven days from the date of the mailing of the decision or notice of disposition and can show good cause, as determined at the sole discretion of the Director of Unemployment Insurance Appeals or the designee of the same, why the case should be reinstated, the appeal will be reinstated. No appeal may be reinstated more than once.

www.in.gov/dwd/files/DWD_Policy_2008-28.pdf. (last visited Jan. 6, 2011).

■ Although several procedural issues are raised by Lush in his brief, we decide the matter on the question of abuse of discretion. So, without deciding whether the Board's dismissal of Lush's appeal rises to the level of a due process violation, equitable considerations underlying the Act and its humanitarian purposes lead unmistakably to the conclusion that this dismissal should be reversed and Lush's appeal from the adverse benefits determination should be decided on its merits.

Simply put, the Board made the findings of basic fact: the ALJ was provided by Lush with a telephone number that was difficult to read; ultimately the ALJ was able to discern a valid telephone number to a union hall telephone operator; the union hall telephone operator was unable to locate Lush; and Lush indicated that he was present at the union hall, but was told that he had not received a call from the ALJ. The Board then deduced from those basic facts that Lush had not shown good cause for failing to participate in the telephonic hearing and affirmed the dismissal of his appeal. From those facts we reach a different conclusion, namely that the ALJ abused her discretion by dismissing Lush's appeal for failure to appear at the telephonic hearing.

The Board's decision to uphold the dismissal of an appeal as the result of a missed phone call, in this situation, is greatly out of proportion to the minimal costs of rescheduling a second telephonic hearing between Lush and the ALJ. The purpose of the Act, which we have set forth above, is the unambiguous provision of assistance to workers that are qualified for unemployment benefits, and is not intended to be a vehicle by which the Board may find procedural grounds to deny coverage to potentially qualified workers. Therefore, we reverse the Board's decision to uphold the dismissal of Lush's appeal on procedural grounds and remand with instructions to reinstate Lush's appeal in order to reach a decision on the merits.

Reversed and remanded for further proceedings consistent with this opinion.

CRONE, J., and BRADFORD, J., concur.