A.Y., Appellant–Claimant,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and A.A., LLC, Appellees–Employer.

No. 93A02–1007–EX–853.

Court of Appeals of Indiana.

May 11, 2011.

Rehearing Denied July 25, 2011.

374

A.Y., Nappanee, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Because there was no participation slip with A.Y.'s telephone number in the administrative law judge's file, the ALJ dismissed A.Y.'s appeal which challenged the claims deputy's determination that she was ineligible for unemployment benefits. A.Y. sought to reinstate her appeal, claiming that good cause existed because she indeed faxed the participation slip with her telephone number to the ALJ using a fax machine that did not print off confirmation sheets, called to confirm receipt of the fax, and then called the ALJ's office during the time allotted for her hearing when she never received a call. The Director of Unemployment Insurance Appeals (Director) denied A.Y.'s motion for reinstatement of appeal, and the Review Board of the Indiana Department of Workforce Development (Review Board) affirmed the Director's denial, concluding that A.Y.'s telephone number was not in the ALJ's file. However, neither the Director nor the Review Board made a finding as to whether A.Y. called the ALJ's office during the forty-five minutes allotted for her telephonic hearing. If A.Y. indeed called, then A.Y. has shown good cause for reinstatement of her appeal, and the Review Board shall reinstate her appeal. We

therefore reverse and remand this matter for further findings.

## Facts and Procedural History

A.Y. was employed at A.A. in Nappanee, Indiana, for approximately thirty years. In November 2009, A.Y. either quit her job or was fired. She then filed for unemployment benefits. On February 11, 2010, a Department of Workforce Development (DWD) claims deputy determined that A.Y. "voluntarily left employment without good cause in connection with the work. Although [A.Y.] may have valid personal reasons for leaving the employment, they are not related to the work nor can they be directly attributed to the employer." Appellant's App. p. 10.

On February 17, 2010, A.Y. timely appealed the claims deputy's decision. *Id.* at 12. On April 19, the DWD mailed a Notice of Hearing to both A.Y. and A.A. The notice provided the date and time of the telephonic hearing—May 7, 2010, at 11:15 a.m.—and instructed the parties to return their participation slips with their telephone numbers to the DWD because "[t]he judge will call you at the time of the hearing." *Id.* at 13, 14. The hearing was set for forty-five minutes. Instructions attached to the notice of hearing provided:

> Provide the judge with ONE contact telephone number. Page 2 of the Notice of Hearing is a form where you can write your contact phone number with area code. You must write **legibly.** These forms may be mailed, faxed, or delivered in-person to the judge's office. Faxes should be sent at least 24 hours prior to the hearing. Be sure to keep your fax confirmation sheet to prove that your document was sent, should any problem arise later. It is your responsibility to insure that the judge has your contact telephone number. You may call the judge's clerk 24 hours prior to the hearing to confirm your telephone

> number.... If you have not returned a form, the judge may attempt to call you at the number provided on your appeal statement, or from any other documents contained in the appeals file; however, the judge is not required to search for a valid telephone number. If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing. A decision or dismissal may be issued by the judge even if you do not participate.

*Id.* at 15–16.

On the day of the hearing, May 7, 2010, the ALJ dismissed the case because there were no participation sheets or contact information for A.Y. in the file. *Id.* at 21 (docket notes). Notably, A.Y.'s employer, A.A., did not contest her appeal, as there is no participation sheet for A.A. in the file either. The ALJ's Notice of Dismissal provides:

> The party who requested the appeal failed to participate in the appeal hearing scheduled on Friday, May 07, 2010. The [ALJ], therefore, dismissed the appeal. The [claims] deputy's determination will become final unless the party requesting the appeal files a written request for reinstatement within seven days from the mailing date of this Notice. Requests for reinstatement must show good cause why the appeal should be reinstated.

*Id.* at 24.

On May 18, 2010, A.Y. wrote a letter requesting reinstatement of her appeal. Her letter provides:

> I was notified by mail that I would be having my telephone hearing on May 7, 2010 at 11:15. I made arrangements to be in my office at this time to present my side of the challenge to my unemployment with my witness to the original

dismissal by Mr. [P.]. As of 11:40 no one had called to start the hearing so I called 317.234.xxxx to ask when the Judge would be calling, the person at this number said she would let the judge know that I had called about the hearing. Then at 11:50 I called the above number again and was told that the Judge had made her decision and I would be receiving a letter in the mail. In further pushing the subject for more information I was told that the third party had never responded as part of the hearing.

\* \* \* \* \* \*

I would like the chance ... to speak with you directly in this matter as there is no way that I can explain myself adequately in written form. I am refaxing all parts of this case that were confirmed by someone in Indianapolis that you had received [all the pages] prior to the scheduled hearing.

*Id.* at 25; Ex. p. 16. On May 24, 2010, the Director denied A.Y.'s request for reinstatement of her appeal. The Director's docket notes provide: "Reinstatement de-

nied=no good cause. No indication [claimant] submitted contact information." Appellant's App. p. 21. The Director issued a Notice of Denial of Reinstatement of Appeal, which provides:

> The [ALJ] dismissed the appeal because [A.Y.], the party requesting the hearing, did not appear. The [ALJ] mailed the dismissal on Friday, May 07, 2010, and [A.Y.] applied for reinstatement on Tuesday, May 18, 2010. Since the appealing party did not show good cause why the case should be reinstated, the request for reinstatement is **DENIED.**

*Id.* at 26. The Director also cited 646 Indiana Administrative Code 3–12–4.[1]

On June 2, 2010, A.Y. wrote a letter to the Review Board appealing the Director's denial of her request for reinstatement of her appeal. Her letter provides, in part:

> I was to have a hearing date with [the ALJ] on May 7th at 11:15. I faxed in my paper work on May 3rd and called to confirm that it was received and a gentleman told me they had gotten it and even told me how many pages the fax was. Our fax machine does not print

---

**1.** This provision expired under Indiana Code section 4–22–2.5 effective January 1, 2009. *See Lush v. Review Bd. of Ind. Dep't of Workforce Dev.,* 944 N.E.2d 492, 495–96 (Ind.Ct.App.2011), *reh'g denied; S.S. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 941 N.E.2d 550, 556–57 (Ind.Ct.App.2011). It is therefore unclear why the DWD still uses forms referencing this expired provision. Effective January 1, 2009, the Commissioner of the DWD established a written policy regarding telephone hearings before ALJs and the Review Board. *DWD Policy 2008–31,* Ind. Dep't of Workforce Dev., 1 (Jan. 2, 2009), http://www.in.gov/dwd/files/DWD_Policy_2008–31.pdf (last visited Apr. 5, 2011). Also effective January 1, 2009, a written policy regarding hearings before ALJs was issued. This written policy provides:

> *Failure to Appear*
> If the party who has requested the appeal fails to appear at an ALJ hearing, after

having received due notice, the ALJ can, at the ALJ's discretion, dismiss the appeal and the determination from which the appeal was requested will be deemed final unless the appeal is reinstated as provided.
> If a party failing to appear at an ALJ hearing applies within seven days from the date of the mailing of the decision or notice of disposition and can show good cause, as determined at the sole discretion of the Director of Unemployment Insurance Appeals or the designee of the same, why the case should be reinstated, the appeal will be reinstated. No appeal may be reinstated more than once.

*DWD Policy 2008–28,* Ind. Dep't of Workforce Dev., 4 (Jan. 2, 2009), www.in.gov/dwd/files/DWD_Policy_2008–28.pdf (last visited Apr. 5, 2011); *see also S.S.,* 941 N.E.2d at 557 (urging DWD to promulgate this rule soon and asking the legislature to take corrective action if the DWD does not promulgate it).

out a confirmation report after each fax. However I called to confirm so I felt that it was okay. On May 7th at 11:00 I placed on my office door a sign stating meeting in progress. I sat at my desk and nobody called. My witness to my termination was also with me at that time. The paper work says we are not allowed to call the Judge. But at 11:35 I called and talked to a young lady and told her what I needed, she stated she would tell the judge. I waited until 11:50 and called back again. She said the judge was going to lunch and had made her decision and I said "does that mean [A.A.] never responded?" She said I don't know your case but you will get a letter explaining the results.

Review Board App. p. 1. On June 30, 2010, the Review Board issued its decision affirming the Director without holding a hearing or admitting additional evidence. The Review Board adopted and incorporated by reference the Director's findings of fact and conclusions of law with the following addendum:

> After examining the record, [A.Y.] alleges that she provided the [ALJ] with her telephone number to participate in the hearing. A review of the [ALJ]'s case file reveals that [A.Y.] did provide documents to the [ALJ] in preparation for the hearing, but she did not provide her telephone number on any of the documents submitted.[2] [A.Y.] has not shown

good cause to have her appeal reinstated.

Appellant's App. p. 3. A.Y. now appeals.

### Discussion and Decision

A.Y. argues that the Review Board erred in denying her request to reinstate her appeal.[3] Our legislature has declared the following purposes of the Indiana Unemployment Compensation Act (the Act):

> to provide for payment of benefits to persons unemployed through no fault of their own, to encourage stabilization in employment, and to provide for integrated employment and training services in support of state economic development programs, and to provide maximum job training and employment opportunities for the unemployed, underemployed, the economically disadvantaged, dislocated workers, and others with substantial barriers to employment, is, therefore, essential to public welfare; and the same is declared to be a proper exercise of the police powers of the state.

Ind.Code § 22–4–1–1; *see also Giovanoni v. Review Bd. of Ind. Dep't of Workforce Dev.*, 927 N.E.2d 906, 910 (Ind.2010); *Lush v. Review Bd. of Ind. Dep't of Workforce Dev.*, 944 N.E.2d 492, 495 (Ind.Ct. App.2011), *reh'g denied*. The Act provides that parties to a disputed claim for unemployment benefits are to be afforded "a reasonable opportunity for a fair hearing."

---

**2.** Our review of the record reveals that the "documents" the Review Board referred to have to be A.Y.'s February 17, 2010, fax, as that is the only document in the record that A.Y. submitted to the DWD before the May 7 hearing date. *See* Ex. p. 1–3. Specifically, this three-page fax is A.Y.'s appeal of the claims deputy's decision and does not contain any telephone number. However, A.Y. claims that she faxed her participation slip with her telephone number on May 3, not February 17.

**3.** The Review Board argues on appeal that A.Y. has waived her claims for failure to present a cogent argument and therefore we should dismiss her appeal. Although A.Y., a pro se litigant, has not conformed to several of the appellate rules by failing to cite the record on appeal, provide a standard of review, or cite any legal authority, we are able to discern that A.Y. argues that there is good cause to reinstate her appeal. But because A.Y. does not specifically argue that her due process rights were violated, we do not address any constitutional arguments on appeal.

Ind.Code § 22–4–17–3; *see also Lush,* 944 N.E.2d at 495.

■ The Act provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind.Code § 22–4–17–12(a). When the Review Board's decision is challenged as being contrary to law, a court on review is limited to a two-part inquiry into: (1) the sufficiency of the facts found to sustain the decision and (2) the sufficiency of the evidence to sustain the findings of facts. *Id.* § 22–4–17–12(f). Under this standard, courts are called upon to review (1) determinations of specific or "basic" underlying facts, (2) conclusions or inferences from those facts, sometimes called "ultimate facts," and (3) conclusions thereon. *Lush,* 944 N.E.2d at 495. The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis, the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board's findings. *Id.* The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* Accordingly, they are typically reviewed to ensure that the Review Board's inference is "reasonable" or "reasonable in light of [the Review Board's] findings." *Id.* Legal propositions are reviewed for their correctness. *Id.*

■ A.Y. argues that the Review Board erred in denying her request to reinstate her appeal. In her letters to the Director and Review Board, A.Y. alleges that she timely faxed her participation sheet containing her phone number to the ALJ using a fax machine that did not print off confirmation pages, called the ALJ's office to confirm that the fax was received, but for whatever reason the fax never made it into the ALJ's file. A.Y. also alleges that when she did not receive a call on the day of the hearing at the 11:15 a.m. start time, she called the ALJ's office around 11:35 or 11:40 a.m., which was within the forty-five minutes allotted for her hearing, and the female she spoke with said that she would tell the ALJ that A.Y. had called. A.Y. then called back at 11:50 a.m., only to learn that the ALJ had already made her decision.[4] The Review Board adopted and incorporated by reference the findings and conclusions of the Director, which merely stated that A.Y. did not show good cause why the case should be reinstated, with the following addendum:

> On appeal to the Review Board, [A.Y.] alleges that she provided the [ALJ] with her telephone number to participate in the hearing. A review of the [ALJ]'s case file reveals that [A.Y.] did provide documents to the [ALJ] in preparation for the hearing, but she did not provide her telephone number on any of the documents submitted. [A.Y.] has not shown good cause to have her appeal reinstated.

Appellant's App. p. 3 (emphasis added). Thus, both the Director and the Review Board concluded that A.Y. failed to show good cause for reinstatement of her appeal.

646 Indiana Administrative Code section 3–12–8(b) provides:

> Each hearing before the review board shall be confined to the evidence submitted before the [ALJ] unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such addi-

---

4. Notably, on appeal the Review Board does not challenge A.Y.'s allegations that she called the ALJ during the time allotted for her hearing.

tional evidence was not procured and introduced at the hearing before the [ALJ]. An application for leave to introduce additional evidence made by either party shall set forth the names of the witnesses whose testimony will be offered and the facts to which they are expected to testify. If the new evidence is documentary, then a copy of the document proposed to be introduced shall accompany the application. Such application, if made by the appellant, must be presented at the time the request for hearing is filed.

See also *Ritcheson–Dick v. Unemployment Ins. Review Bd.*, 881 N.E.2d 54, 56–57 (Ind.Ct.App.2008) (noting that a formal motion is not required to submit additional evidence to the Review Board and that a letter included with an appeal is "sufficient"). Here, the Review Board had before it the Director's denial of A.Y.'s motion to reinstate her appeal and A.Y.'s application for appeal from that denial, which included a detailed explanation of her actions. The Review Board adopted the Director's findings and conclusions with an addendum.

According to DWD Policy 2008–28, when good cause for reinstatement of an appeal is shown, "the appeal will be reinstated." A.Y. claims that on May 3, 2011, she faxed her participation sheet containing her telephone number to the ALJ using a fax machine that did not print off confirmation sheets and then spoke with someone at the ALJ's office to confirm receipt of her fax. The Review Board made a finding on this allegation, finding that A.Y.'s telephone number was not in the ALJ's file. A.Y. further claims that she called the ALJ during the time allotted for her telephonic hearing to see why she had not been called and spoke with a female at the ALJ's office. Neither the Director nor the Review Board made a finding as to this particular allegation. We find that a finding on this allegation is needed.

If A.Y. called the ALJ's office within the forty-five-minute time period allotted for her telephonic hearing, then A.Y. has established good cause to have her appeal reinstated. Under these circumstances, we see no additional burden to the ALJ to take A.Y.'s phone call especially given that: (1) the time was set aside for A.Y.'s hearing; (2) A.Y.'s employer did not contest her appeal or participate in the hearing; and (3) there were approximately twenty minutes remaining of the time set aside for the hearing at the time of A.Y.'s call. As we stated in *Lush*, the purpose of the Act "is the unambiguous provision of assistance to workers that are qualified for unemployment benefits, and is not intended to be a vehicle by which the Board may find procedural grounds to deny coverage to potentially qualified workers." 944 N.E.2d at 496 ("The Board's decision to uphold the dismissal of an appeal as the result of a missed phone call, in this situation, is greatly out of proportion to the minimal costs of rescheduling a second telephonic hearing between Lush and the ALJ.").

We therefore remand this case to the Review Board for a finding as to whether A.Y. called the ALJ's office during the forty-five minutes allotted for her hearing. If A.Y. in fact called the ALJ's office during this time period, then the Review Board shall reinstate her appeal.

Reversed and remanded for further proceedings consistent with this opinion.

KIRSCH, J., and MATHIAS, J., concur.