T.R., Appellant–Claimant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Appellee–Respondent.

No. 93A02–1005–EX–640.

Court of Appeals of Indiana.

June 16, 2011.

T.R., Hanover, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issues

T.R. appeals pro se the decision by the Indiana Department of Workforce Development Review Board ("Review Board") affirming the finding by the Administrative Law Judge ("ALJ") that T.R. left her employment without good cause, thereby terminating her unemployment benefits. T.R. raises two issues which we restate as whether she was denied due process, and whether the ALJ's finding that T.R. voluntarily left her employment without good cause is supported by the evidence. Concluding that T.R. was afforded due process and the ALJ's findings are supported by the evidence, we affirm.

### Facts and Procedural History

T.R. was employed as a salesperson for a cellular phone company from June 1, 2009 to December 24, 2009. On January 18, 2010, a deputy of the Indiana Department of Workforce Development ("DWD") concluded that T.R. did not voluntarily leave her employment. T.R.'s former employer appealed, and the DWD sent T.R. a Notice of Hearing on the employer's appeal. The Notice of Hearing indicated a telephonic hearing would be held on April 12, 2010, at 10:30 a.m. Eastern Standard Time, and also included the following instructions:

> TELEPHONE HEARING: . . . PLEASE RETURN the participation slip with your phone number. *The judge will call you at the time of the hearing.*
>
> * * *
>
> Hearings may proceed in the absence of one or both of the parties. You cannot call in and be connected to a hearing that is already in progress.
>
> . . . The only evidence considered by the judge is the evidence presented at the hearing by a party participating in the hearing.
>
> * * *
>
> *Contact Telephone Number.* . . . Page 2 of the Notice of Hearing is a form where you can write your contact phone number with area code. . . . These forms may be mailed, faxed, or delivered in-person to the judge's office. . . . Be sure to keep your fax confirmation sheet to prove that your document was sent, should any problem arise later. It is your responsibility to insure that the judge has your contact telephone number. You may call the judge's clerk 24 hours prior to the hearing to confirm your telephone number. . . . If you have not returned a form, the judge may attempt to call you at the number provided on your appeal statement, or from any other documents contained in the

appeals file; however, the judge is not required to search for a valid contact number. If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing. A decision or dismissal may be issued by the judge even if you do not participate....

* * *

Appendix of Appellee Review Board at 5–7 (emphasis in original).

At the beginning of the hearing, the ALJ called the employer, and stated on the record that T.R. "failed to return a participation sheet for today's hearing, so we will proceed without her participation." Transcript at 1. The employer then testified that T.R. "quit" without notification. *Id.* at 3. In particular, T.R. "was supposed to return on Saturday and she did not return to work on Saturday. We tried to call her, and on Sunday she returned her keys to another employee." *Id.* at 3–4. The employer further testified that T.R. was a "great employee," the company does not know why she left, it was the busiest time of the year for the company so there was work for T.R. to do, and shortly after quitting T.R. appeared at the company's office requesting a copy of all of her pay stubs. *Id.* at 4. Finally, the employer asserted:

At no time did we ever fire [T.R.], and at no time did we ever discuss anything that she may have been dissatisfied with. So no discussion was made of that. She just never returned to work and then the next thing we knew she was turning in her keys, so we never fired her.

*Id.* at 4–5.

Following the hearing, the ALJ issued a decision including the following findings of fact and conclusions of law:

FINDINGS OF FACT: The Claimant was employed as a salesperson from 6/1/09 to 12/24/09. The Claimant failed to call or report to work after 12/24/09. The Claimant returned her keys to a coworker on 12/27/09. The Claimant was not in the midst of discipline at the time she failed to appear. The Claimant never expressed any job dissatisfaction. The Employer still had work available for the Claimant to do.

CONCLUSIONS OF LAW: ...

* * *

The evidence shows that this claimant voluntarily left employment with this employer, making the claimant the party with the burden of proof. The claimant did not appear at the hearing to present evidence, and as a result there is no substantial evidence of record from the party with the burden of proof that shows that the separation was for good cause in connection with the work. Therefore, the Administrative Law Judge concludes that the claimant voluntarily left employment but not for good cause in connection with work....

App. of Appellee Review Board at 15–16 (emphasis in original).

T.R. appealed the ALJ's decision to the Review Board, which adopted and incorporated the ALJ's findings of fact and conclusions of law, and affirmed the ALJ's decision without accepting evidence or holding a hearing. T.R. now appeals pro se.

*Discussion and Decision*

I.   Standard of Review

■■■■   Upon review of an unemployment compensation proceeding, we determine whether the Review Board's decision is reasonable in light of its findings. *Szymanski v. Review Bd. of Ind. Dep't of Workforce Dev.,* 656 N.E.2d 290, 292 (Ind. Ct.App.1995). We are bound by the Review Board's resolution of all factual is-

sues, and accordingly we do not reweigh evidence or assess the credibility of witnesses. *Id.* We consider only the evidence and reasonable inferences which are most favorable to the Review Board's decision, and will not set aside the decision if there is substantial evidence of probative value in support thereof. *Id.* By implication, this standard of review dictates that where, as here, the Review Board adopts and incorporates by reference the findings and conclusions of the ALJ and affirms the ALJ's decision without accepting additional evidence, we are bound by the ALJ's resolution of all factual issues. *See Franklin County Cmty. Sch. Corp. v. Brashear,* 660 N.E.2d 1081 (Ind.Ct.App.1996). However, we are not bound by the Review Board's interpretation of law, and determine de novo whether the Review Board correctly interpreted and applied the law. *Szymanski,* 656 N.E.2d at 292. Whether a party was afforded due process in an unemployment proceeding is a question of law. *Scott v. Review Bd. of Indiana Dep't of Workforce Dev.,* 725 N.E.2d 993, 996 (Ind.Ct.App.2000).

Because T.R. appeals pro se, it is imperative to make clear that we hold pro se litigants to the same standard as trained attorneys. *Wright v. Elston,* 701 N.E.2d 1227, 1231 (Ind.Ct.App.1998), *trans. denied.* At the same time, we prefer to resolve cases that come before us on their merits whenever possible. *W.H. Nichols & Co. v. Day,* 132 Ind.App. 156, 157, 175 N.E.2d 893, 894 (1961).

## II. Denial of Due Process

■ The issue of due process in unemployment benefits cases often arises when one party alleges inadequate notice of a hearing, but the case before us is quite different. T.R. acknowledges having received actual notice and instead argues she was denied due process because she was not called to participate in the hearing—the ALJ stated T.R. failed to return her participation sheet, which would have contained her phone number. T.R. contends that a postal service error led to her failure to return the participation sheet. She does not explain what this error was or possibly could have been if she knows, but insists she mailed it in and notes that when she did not receive a phone call at the scheduled time for the hearing she called the DWD immediately, in an attempt to connect to the hearing if it were already in progress.

■ "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *NOW Courier, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 871 N.E.2d 384, 387 (Ind.Ct.App.2007). Accordingly, parties to a disputed claim for unemployment benefits must be afforded "a reasonable opportunity for fair hearing." Ind.Code § 22–4–17–3(a). An ALJ may hold a hearing by telephone upon determining that to do so is proper and just and neither the claimant nor employer objects. Ind.Code § 22–4–17–8.5(b)(4).

At the outset, we reiterate that T.R. does not allege insufficient notice, and does not challenge the telephonic nature of the hearing. The sole due process issue is whether T.R. was denied due process by failing to participate in the hearing.

Accordingly, we are drawn to the portion of the instructions sent to T.R. that expressly indicates T.R.'s personal responsibility to ensure the ALJ has her contact information, and which permits T.R. to call the clerk prior to the hearing to confirm the ALJ had the correct telephone number. This, along with the date and time of the hearing, constitutes sufficiently specific notice of a scheduled hearing and clear instructions on how to participate. Other portions of the instructions make clear that the stakes are high if her contact

information is not received—the ALJ could both hold the hearing in T.R.'s absence and enter a decision to discontinue her unemployment benefits. This describes reasonable limits of an opportunity to be heard and even a direction on how to take advantage of that opportunity.

A review of similar cases is helpful to explain why T.R.'s failure to follow up on that opportunity and the ALJ's resulting inability to contact her does not constitute denial of due process.

In *Art Hill, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 898 N.E.2d 363, 367 (Ind.Ct.App.2008), we first addressed the "due process implications of an ALJ conducting a hearing without the participation of a party who received notice but could not be contacted via telephone at the time of hearing." *Id.* The party appealing the DWD deputy's decision unpredictably changed phone extensions after returning the participation sheet, which made its return of the sheet and designated phone number meaningless—in other words, it was the party's own fault for missing the call. We noted the ALJ properly provided the appealing party with notice of the hearing and instructions to provide the ALJ with a single phone number on the participation sheet, and specific directions to submit the participation sheet via postal mail, facsimile, or personal delivery. Ultimately, we held that "a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing." *Id.* at 368.

In *Wolf Lake Pub, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 930 N.E.2d 1138, 1142 (Ind.Ct.App.2010), we concluded that the poor cellular phone reception of a party to a telephonic hearing before an ALJ could have been anticipated and prevented, and therefore the party was not denied due process in its failure to participate in the hearing. In *S.S. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 941 N.E.2d 550, 555 (Ind.Ct.App.2011), we concluded that a party's confusion of time zones and prior obligation inside a federal building at the time of the hearing were circumstances that could have been anticipated and prevented, and therefore the party was not denied due process in its failure to participate in the hearing.

T.R. received the same instructions that we highlighted in *Art Hill,* and additional instructions which made clear she was personally responsible to ensure the ALJ had her number, she could call prior to the hearing to confirm the ALJ had her correct number, and the ALJ was not required to search for a valid number. Finally, the instructions also indicated that if the ALJ was unable to reach T.R., "regardless of the cause," such circumstance could be considered a lack of response and participation in the hearing, and a decision could be issued in her absence. App. of Appellee Review Board at 6–7.

T.R. acknowledges having received actual notice of the date and time of the hearing and instructions on how to participate. Although T.R. alleges she attempted to follow some of those instructions by mailing in the participation sheet, she did not follow up to confirm the ALJ received her participation sheet or that the ALJ had her correct phone number, even though the Notice of Hearing clearly indicated the potential impact of her failure to participate. T.R. was not required to have confirmed the ALJ received her participation sheet and had her correct number,[1] and

---

1. The Review Board's appellate argument that T.R. bears the burden to prove that she

mailed in the participation sheet, Brief of Appellee Review Board at 7, is not well taken.

admittedly, T.R. did not take an affirmative action to waive her opportunity to participate. But her missed opportunity to participate in the hearing could have been anticipated and prevented nonetheless. Consequently, we hold that T.R. was given notice and an opportunity to be heard, and that her failure to take advantage of the opportunity to be heard does not constitute a denial of due process.[2]

This court has recently indicated some reluctance to affirm decisions of the Review Board on procedural grounds. *See, e.g., A.Y. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 948 N.E.2d 373 (Ind.Ct. App.,2011); *Lush v. Review Bd. of Ind. Dep't of Workforce Dev.,* 944 N.E.2d 492, 496 (Ind.Ct.App.2011). Similarly, Indiana law and our appellate courts in particular have a strong preference for deciding cases on their merits. *See Coslett v. Weddle Bros. Constr. Co., Inc.,* 798 N.E.2d 859 (Ind.2003) (regarding default judgments); *W.H. Nichols & Co.,* 132 Ind.App. at 157, 175 N.E.2d at 894 (regarding pro se appellants). But unlike *A.Y.* and *Lush,* the ALJ here actually held a hearing, T.R.'s employer appeared and presented evidence, and the ALJ entered findings of fact and conclusions of law based on the merits.[3]

Our ruling here is a decision on the merits. In *Art Hill,* we discussed the due process implications of the right to be present at a hearing in other contexts. We cited a criminal defendant's knowing and voluntary failure to explain his absence or appear at trial where the defendant knows of the trial date, *Jackson v. State,* 868 N.E.2d 494, 498 (Ind.2007), a criminal defendant's knowing and voluntary failure to be present at sentencing, *Gillespie v. State,* 634 N.E.2d 862, 863 (Ind.Ct.App.1994), *trans. denied,* and a party's failure to be present at a child in need of services proceeding with proper notice thereof, *In re C.B.,* 616 N.E.2d 763, 770 n. 4 (Ind.Ct.App.1993). *Art Hill,* 898 N.E.2d at 367–68. In *Art Hill,* we held that a party to an unemployment hearing may waive the opportunity for a fair hearing upon receipt of actual notice, and here T.R. did exactly that.

### III. Voluntary Separation

T.R. next disputes the specific factual findings entered by the ALJ, all of which led to the ultimate conclusion that T.R. voluntarily left her employment without good cause. In her appellate brief T.R. offers the gist of her version of how she separated from the employment involuntarily, and requests that we reverse the Review Board and ALJ's decisions. However, by law, we are prohibited from re-

---

There is no current requirement that the participation sheet be mailed by certified mail, which would provide proof of mailing and delivery. *See In re Sale of Real Prop. with Delinquent Taxes or Special Assessments,* 822 N.E.2d 1063, 1066 (Ind.Ct.App.2005) (citation omitted) (describing certified mail), *trans. denied.* We do not hold that parties bear the burden to prove they returned a participation sheet.

2. In *A.Y.,* 948 N.E.2d at 379, this court remanded to the Review Board for a finding of fact regarding the appellant's allegation that she called and spoke with a female at the ALJ's office to see why she had not been called. Here, we deem unnecessary a re-

mand for the same because such a finding would be irrelevant given the clear and reasonable instruction to T.R. that she could not have been connected to a hearing in progress even if she called the ALJ during that time. The ALJ stated on the record that T.R. failed to return her participation sheet, which we deem a waiver of T.R.'s opportunity to be heard and not a denial of due process.

3. Further, in *Lush,* this court indicated that rescheduling a hearing that was canceled would not be too onerous. 944 N.E.2d at 496. In contrast, T.R.'s hearing was held and the resources of the ALJ and its staff were expended.

ceiving evidence, reweighing evidence, or assessing the credibility of witnesses. *Szymanski,* 656 N.E.2d at 292; *Melloh v. Gladis,* 261 Ind. 647, 659, 309 N.E.2d 433, 440 (1974) (stating appellate courts do not receive evidence). The telephonic hearing testimony of T.R.'s employer includes substantial evidence of probative value in support of the ALJ's findings and conclusions, namely, the employer's testimony that it did not fire her and that T.R. did not show up for work, returned her keys to a former co-worker, and appeared at the office requesting past pay stubs. *See* Tr. at 3–5. Accordingly, because we can consider only the evidence and reasonable inferences which are most favorable to the Review Board's decision, *Szymanski,* 656 N.E.2d at 292, we must affirm.

### Conclusion

T.R. was afforded due process and a reasonable opportunity to participate in a telephonic hearing. Further, the ALJ's findings of fact and conclusions of law are supported by substantial evidence of probative value in the record. We therefore affirm the Review Board's decision.

Affirmed.

NAJAM, J., and CRONE, J., concur.