T.R., Appellant–Claimant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Appellee–Respondent.

No. 93A02–1005–EX–640.

Court of Appeals of Indiana.

Oct. 25, 2011.

Abhishek Chaudhary, Indiana Legal Services, Indianapolis, IN, Fran Quigley, Health and Human Rights Clinic, Indiana, University School of Law—Indianapolis, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Chief Judge.

T.R. petitions for rehearing of our June 16, 2011 opinion. In that opinion we affirmed the Review Board's decision that T.R. left her employment without good cause. *T.R. v. Review Bd. of the Indiana Dep't of Workforce Dev.*, 950 N.E.2d 792 (Ind.Ct.App.2011). T.R. failed to return her participation sheet, so the ALJ could not contact her for the telephonic hearing and following a hearing without T.R., the ALJ ruled in favor of the employer. We concluded T.R.'s missed opportunity to participate in the hearing could have been anticipated and prevented, so she was not denied due process. We grant T.R.'s petition for rehearing to clarify our reasoning, but reaffirm our opinion in all respects.

On rehearing, T.R. first highlights our commitment to liberal construction of unemployment statutes in favor of employees. T.R. refers us to *Lush v. Review Bd. of the Indiana Dep't of Workforce Dev.*, 944 N.E.2d 492 (Ind.Ct.App.2011). In *Lush*, the ALJ dismissed the appeal and no hearing was held because the claimant's phone number was illegible on the participation sheet. Our court concluded that the law was not "intended to be a vehicle by which the Board may find procedural grounds to deny coverage to potentially qualified workers," and remanded for a hearing. *Id.* at 496. We anticipated and addressed this comparison to *Lush*. *Lush*

is distinguishable from T.R.'s case because T.R.'s ALJ received no participation sheet at all. Although T.R. alleges a mailing error, the ALJ did not know that. The ALJ held a hearing which expended agency resources and those of T.R.'s employer. The ALJ did not use procedural grounds to deny coverage—he did not know T.R. intended to participate, and even held a hearing on the merits before concluding T.R. left employment without good cause. T.R. was not denied benefits for some procedural error; rather, she was denied benefits on the merits based on the evidence presented at the hearing.

T.R. next argues the cases upon which our opinion relies are distinguishable because T.R. did not commit a volitional act to waive her participation. We anticipated this, too, and thoroughly described the other cases before concluding that T.R.'s purported mailing error, similar to the claimants' volitional errors in the other cases, "could have been anticipated and prevented," and in that sense the distinction between volitional and non-volitional is irrelevant. *T.R.*, 950 N.E.2d at 796.

T.R. next challenges our conclusion that she could have called to confirm before the hearing as directed in the instructions. She argues that calling to confirm is not required to guarantee her due process and is not conveyed as required by the instructions. Again, we anticipated this challenge and explicitly held that parties do not bear the burden to prove they returned their participation sheet. *See id.* at 796 n. 1. We added that, although she was not required to confirm, the instructions repeatedly and sufficiently conveyed the high stakes of her failure to participate "regardless of the cause," and that she could call the ALJ to confirm she would participate in the hearing. *Id.* at 796.

T.R. wants us to reverse and grant her an opportunity to participate in a hearing on the merits of her claim. But she had an opportunity, missed that opportunity, and she was already denied benefits on the merits.

T.R. explains that because her former employer was the party appealing the claims deputy's initial determination, the ALJ held a hearing even in T.R.'s absence. This is different from the procedural posture in *Lush,* where the claimant was the appellant at the ALJ hearing, so the claimant's failure to participate led to no hearing. T.R. argues it is arbitrary for a claimant's right to due process at the ALJ hearing to depend upon whether the claimant is the appealing party or is defending the claims deputy's determination in her favor. This argument, pegging us as unsympathetic to employees, is unpersuasive because employers would face the same challenge. A party appealing a deputy's decision to an ALJ—whether employee or employer—must return a participation sheet and appear at the ALJ hearing, or no hearing will be held. The system is no less "fair" to employees than it is to employers, and it is no less "fair" to employees who appeal the deputy's initial determination (as in *Lush* ) than those who— similar to T.R.—attempt to "defend" the deputy's appeal in their favor when an employer appeals to the ALJ.

T.R. then emphasizes that although this decision was technically "on the merits," her failure to participate made the ALJ's decision equivalent to dismissal of her claim. We are inclined to agree, but this case is still distinguishable from *Lush* as discussed above, and T.R. had an opportunity to participate but missed it due to circumstances that she could have anticipated and prevented.

T.R. next argues that agency resources expended during the hearing were minimal in comparison to her financial hardship without unemployment benefits. Again, we are inclined to agree, but we do not believe that this fact warrants a new hearing, particularly when we conclude that T.R. was given an opportunity to participate, and she could have anticipated and prevented the problem that led to her failure to participate.

T.R.'s final argument is that our opinion improperly relies on the instructions regarding the ALJ hearing because the instructions are not prescribed by statute or regulation. True, but our opinion did not *rely* on the instructions in the sense that the instructions created a requirement and we affirmed the ALJ's decision based on T.R.'s failure to satisfy the same. As noted above, we explicitly held that the suggestion in the instructions for claimants to call to confirm their participation is *not* required. We discussed the instructions in the context of whether the procedures they describe would allow for due process. We concluded that the telephonic hearing that the instructions provide for would not violate T.R.'s right to due process, she was given due process in the form of an adequate opportunity to participate in the hearing, and due to circumstances that she could have anticipated and prevented, T.R. failed to take advantage of that opportunity.

Subject to the foregoing clarifications, our opinion is in all respects affirmed.

NAJAM, J., and CRONE, J., concur.