**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 31 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEVEN M. LUTZ**
**ANDREW A. MANNA**
Church Church Hittle & Antrim
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| NOBLESVILLE SCHOOLS CORPORATION, ) | |
| ) | |
| Appellant-Employer, ) | |
| ) | |
| vs. ) | No. 93A02-1110-EX-923 |
| ) | |
| REVIEW BOARD OF THE INDIANA ) | |
| DEPARTMENT OF WORKFORCE ) | |
| DEVELOPMENT and RYAN SHELTON,[1] ) | |
| ) | |
| Appellees-Claimant. ) | |

APPEAL FROM THE REVIEW BOARD OF THE INDIANA DEPARTMENT OF
WORKFORCE DEVLOPMENT
The Honorable Stephen F. Bier, Chairperson
Cause No. 11-R-04257

---

[1] In the absence of an affirmative request for confidentiality, the parties may be fully identified. *See Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 n.4 (Ind. 2011). No such request has been made here, and the parties identify themselves in their briefs.

**May 31, 2012**

**MEMORANDUM DECISION—NOT FOR PUBLICATION**

**BRADFORD, Judge**.

Appellant-Employer Noblesville Schools Corporation challenges the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") concluding that it did not show good cause for failing to attend a review hearing regarding Appellee-Employee Ryan Shelton's award of benefits. Upon appeal, Employer contends that the Review Board's decision is in violation of its due process rights and based upon an incomplete review of the record. We affirm.

## FACTS AND PROCEDURAL HISTORY

Shelton, who was employed as a teacher by Noblesville, was discharged on June 2, 2011. Shelton sought unemployment benefits with the Indiana Department of Workforce Development ("IDWD"). On June 21, 2011, a claims deputy found that Shelton had been discharged for "willful unsatisfactory work performance," which warranted a reduction/suspension in benefits. Exh. 1.

On June 30, 2011, Shelton initiated an appeal of the claims deputy's decision. On July 7, 2011, the IDWD notified Shelton and Noblesville that the appeal hearing would be held on July 19, 2011. Noblesville sought postponement of the hearing, which was granted, and the hearing was set for July 25, 2011, at 9:45 a.m. Noblesville acknowledged notice of the hearing, indicated it wished to participate, and provided the phone number where Assistant

Superintendent Dr. Steven Stephanoff could be contacted. Shelton similarly indicated his wish to participate and provided his contact information.

At the appointed time for the hearing, the Administrative Law Judge ("ALJ") phoned Dr. Stephanoff at the designated number. A receptionist answered and attempted to transfer the call, but the transfer was unsuccessful, with five minutes passing without an answer. Accordingly, the ALJ concluded that Noblesville had failed to appear at the appeal hearing. Based upon Noblesville's failure to appear, the ALJ concluded that it had failed to satisfy its burden of proof to demonstrate that Shelton's discharge was for just cause. Accordingly, on July 28, 2011, the ALJ reversed the claims deputy's decision and ruled that Shelton was entitled to unemployment benefits.

On August 2, 2011, Noblesville notified the Review Board of its wish to appeal this decision. Dr. Stephanoff claimed that after the telephone transfer had failed, he waited for another call but received none. On August 10, 2011, the Review Board issued an order of remand, concluding that the ALJ should have tried at least once more to contact Noblesville. The Review Board reasoned that the receptionist may not have realized that the call did not go through and that a second attempt by the ALJ to reach Noblesville may have been successful. Concluding that Noblesville had good cause in failing to participate, it vacated the ALJ's reversal and remanded for a new hearing.

On August 12, 2011, the IDWD issued a notice setting the new hearing for August 22, 2011, at 9:00 a.m. The notice indicated that the ALJ could take up to sixty minutes to contact the parties for a hearing. Both Noblesville and Shelton again acknowledged notice and

3

indicated their wish to participate in the hearing. Noblesville provided the same phone number for Dr. Stephanoff as it had previously.

At the appointed time, a different ALJ held a new hearing in which Shelton was present. The ALJ twice called the number designated by Noblesville in an attempt to contact Dr. Stephanoff. The first call was forwarded to various recorded messages; the second, to Dr. Stephanoff's voicemail. The ALJ once again held the hearing in Noblesville's absence and again reversed the claims deputy's decision based on Noblesville's failure to establish just cause for discharge. At 9:45 a.m., according to Noblesville, it made contact with the Unemployment Insurance Appeals office.

On August 29, 2011, Noblesville notified the Review Board of its wish to appeal. In seeking a second appeal, Noblesville contended that it had been prepared for the hearing at the appointed time but that its recent installation of a new phone system had somehow resulted in the ALJ's calls going unanswered or to Dr. Stephanoff's voicemail. On September 13, 2011, the Review Board affirmed the ALJ's decision, concluding that Noblesville had received a reasonable opportunity at a fair hearing and that it did not have good cause for failing to participate. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

Upon appeal, Noblesville challenges the Review Board's finding of lack of good cause, claiming that the denial of its second appeal violates due process. Under Indiana's Unemployment Compensation Act, "[a]ny decision of the review board shall be conclusive

4

and binding as to all questions of fact." *Chrysler Group, LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122 (Ind. 2012) (quoting Ind. Code § 22-4-17-12(a) (2007)). The Board's conclusions of law may be challenged as to "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." *Id.* (quoting Ind. Code § 22-4-17-12(f)). Consistent with appellate review of other administrative adjudications, we categorize the Board's findings three ways: (1) basic, underlying facts; (2) "ultimate facts" derived as inferences or conclusions from basic, underlying facts; (3) and conclusions of law. *Id.*; *see McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1316 (Ind. 1998).

We review the Board's findings of basic facts under a "substantial evidence" standard, and we neither reweigh the evidence nor assess its credibility. *Chrysler Group*, 960 N.E.2d at 122. We consider only the evidence most favorable to the Board's findings and, absent limited exceptions, treat those findings as conclusive and binding. *Id.*

Ultimate facts—typically mixed questions of fact and law—are reviewed to ensure the Board has drawn a reasonable inference in light of its findings on the basic, underlying facts. *Id.* Where the matter lies within the particular expertise of the administrative agency, we afford the finding a greater level of deference. *Id.* Where the matter does not lie within the particular expertise of the agency, however, the "'the reviewing court is more likely to exercise its own judgment.'" *Id.* at 122-23 (quoting *McClain*, 693 N.E.2d at 1318). Regardless, "'the court examines the logic of the inference drawn and imposes any rules of law that may drive the result.'" *Id.* at 123 (quoting *McClain*, 693 N.E.2d at 1318). The

Board's conclusion must be reversed "if the underlying facts are not supported by substantial evidence or the logic of the inference is faulty, even where the agency acts within its expertise, or if the agency proceeds under an incorrect view of the law.'" *Id.* (quoting *McClain*, 693 N.E.2d at 1318). We are not bound by the Board's conclusions of law. *Id.*

## II. Analysis

### A. Due Process

Noblesville first argues that the Review Board's issuance of a decision without Noblesville's having been present at the hearing violates its due process rights. "The Review Board, while an administrative body, is vested with quasi-judicial powers. Accordingly, while the Review Board is allowed wide latitude in conducting its hearings, due process must be accorded a party whose rights will be affected." *Art Hill, Inc. v. Review Bd. of the Ind. Dep't. of Workforce Dev.*, 898 N.E.2d 363, 367 (Ind. Ct. App. 2008) (quotation omitted). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* Nevertheless, "a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing. *Id.* at 368. Whether the requirements of due process have been satisfied is a question of law; therefore, we review the issue de novo. *Id.* at 367.

Noblesville points to its efforts to attend the hearing in arguing that a decision rendered in its absence violates due process. The Review Board responds by citing *Art Hill*, in which this court rejected a similar due process claim by an employer who also claimed

6

phone problems were the cause of its failure to appear. In *Art Hill*, the employer submitted its telephone number, together with an extension number, to the ALJ, two days prior to the hearing. 898 N.E.2d at 365. At the scheduled time for the hearing, the ALJ attempted to contact the employer, twice using the phone number and extension number provided, and once again using just the phone number. *Id.* None of the attempts was successful. The general phone number simply reached an automated menu, and the extension number reached a voicemail recording. *Id.* Thereafter, the ALJ held the hearing in the employer's absence, found it had not satisfied its burden of proof to show discharge for just cause, and awarded the claimant unemployment benefits. *Id.* at 366. In its appeal to the Review Board, the employer explained that the extension number had not had a working speakerphone, that the employer had moved to another extension and attempted to contact the ALJ minutes before the hearing had terminated, and that the employer had only reached the ALJ's voicemail. *Id.* The Review Board rejected the employer's appeal. *Id.*

In affirming the Review Board, this court observed that the employer had failed to either notify the ALJ that its telephone number had changed, or take the simple step of leaving a representative at the designated extension to transfer the ALJ's call. *Id.* at 368. In addition, the employer had waited until fifteen minutes after the scheduled start of the hearing to contact the ALJ, by which point the hearing had nearly ended. *Id.* Holding that a party could voluntarily waive its opportunity for a fair hearing by failing to appear, the *Art Hill* court affirmed on the basis that, regardless of the employer's ultimate participation, the

7

employer had received all components of due process, namely notice and the opportunity to be heard. *Id.*

Similarly, in *Wolf Lake Pub, Inc. v. Review Board of the Indiana Department of Workforce Development*, 930 N.E.2d 1138, 1140 (Ind. Ct. App. 2010), this court denied an employer's due process challenge where the employer had provided a cell phone number, the ALJ had called it twice at the time of the hearing, and the employer had never answered. The employer subsequently explained that he had been on vacation the day of the hearing and was without reliable cell phone reception. *Id.* In finding no due process violation, this court reasoned that it was the employer's choice to go on vacation in an area without reliable reception and to stay in a hotel without telephones in the rooms. *Id.* In the court's view, these elective decisions did not alter the fact that the employer had been given a reasonable opportunity to participate in the hearing. *Id.* at 1142.

Here, certainly by the time of the second hearing, Noblesville was on notice that its phone system, at least for purposes of contacting Dr. Stephanoff, was problematic. Yet Noblesville continued to provide the same troublesome phone number. Not incidentally, this phone number dialed into an automated system where the caller, here the ALJ, was prompted to type in a party's name in order to reach him. Obviously, Noblesville had alternatives to the imprecise contact information it provided, including Dr. Stephanoff's personal cell phone number, which it offered only after its second attempt at a hearing had been unsuccessful. In addition, as Noblesville recognized, its phone system was new, and routing phone calls under this new system had presented "challenges." Appellant's App. p. 62. Yet, in spite of these

8

known challenges, Noblesville required the ALJ to make contact through this system, and it provided no extension numbers or tips regarding how best to navigate it. To the extent Noblesville suggests that, somewhere in the automated menu, there was a better option for contacting Dr. Stephanoff, an ALJ should not have to sift through all of the options and suboptions in an automated phone menu before finding a party not to be present. We must conclude that, to the extent there were glitches, they were entirely within Noblesville's control and did not affect its receipt of a reasonable opportunity to be heard.

Noblesville points to *Lush v. Review Board of Indiana Department of Workforce Development*, 944 N.E.2d 492, 496 (Ind. Ct. App. 2011), *trans. denied*, wherein this court reversed the Board's finding of a lack of good cause when a claimant failed to appear for a Review Board hearing after his unemployment benefits had been denied. In *Lush*, the claimant provided the ALJ with a somewhat illegible number. *Id*. The ALJ tried two variations of that number, one which was invalid, and a second which contacted a union hall where an operator indicated the claimant was not present. *Id*. at 494-95. The claimant claimed that he had been waiting at the hall but was told that no call had come through. *Id*. at 494. In reversing, this court concluded on equitable principles that given the purpose of the Unemployment Compensation Act to provide assistance to qualified employees, the claimant was entitled to a second hearing. *Id*. at 496. In the *Lush* court's view, the costs of rescheduling a second hearing were minimal in comparison to the Board's decision to uphold a dismissal based upon a missed phone call. *Id*. at 496.

While Noblesville argues that the cost of rescheduling a hearing is similarly minimal in comparison to the award of benefits in its absence, we must disagree that the same factors are at play here. Noblesville is not a single unemployed individual, presumably with limited resources, who somehow missed a single phone call at a local union hall. It is instead an institution, with resources sufficient to permit reliable contact, which missed *two* scheduled hearings at its designated place of operation. Noblesville's position would permit it to miss any number of phone calls because the cost of rescheduling hearings would almost always be outweighed by the cost of benefits. The ALJ is not required to reschedule hearings *ad infinitum*. We are unconvinced that *Lush* applies.

Noblesville also points to *A.Y. v. Review Board of Indiana Department of Workforce Development*, 948 N.E.2d 373, 379 (Ind. Ct. App. 2011), *trans. denied*, in which this court again reversed a decision by the Review Board that the claimant's failure to appear was not supported by good cause. The claimant in *A.Y.* did not receive a call from the ALJ at the appointed time, but she allegedly called the ALJ's office within the time specifically allotted for the hearing, at which point she was informed that the ALJ's decision had been made. *Id.* at 378. In reversing, this court concluded that, assuming the claimant had called the office within the allotted time, she had shown good cause to have her appeal reinstated. *Id.* at 379. This court relied on the *Lush* reasoning in reaching this conclusion, and also upon the facts that the employer did not contest the claimant's appeal or participate in the hearing. *Id.*

Here, Noblesville seeks to analogize its case to *A.Y.*, contending that it contacted the ALJ's office within the sixty minutes set aside for the ALJ to make contact with the parties.

We see no analogy. The hearing in *A.Y.* was specifically allotted a particular amount of time. The hearing in the instant case had no allotted period; the ALJ was merely permitted to contact the parties within a particular window. More importantly, this was Noblesville's *second* scheduled hearing, not its first, and the other party, here the claimant, was an active participant in the hearing. It is hardly fair for Noblesville to expect the ALJ to postpone a hearing when Shelton appeared ready and available, twice, especially when Noblesville would have had all of the necessary resources to make a timely appearance. Accordingly, we find no due process violation in the Review Board's finding Noblesville lacked good cause for failing to appear and conducting a hearing in its absence.

## B.    The Record

Noblesville contends that the Review Board's decision was based upon an incomplete review of the record. Noblesville claims that it submitted multiple records, which the ALJ failed to consider, demonstrating that its decision to discharge Shelton related to his unsatisfactory work performance. The State responds by arguing that the ALJ properly did not consider these records because they were never part of the record. The State moves to strike these documents from the Appellant's Appendix.

As the State points out, one of the stated terms in the appeals process is that a party "be present on the phone at the hearing in order for [its] exhibits to be considered." Appellant's App. p. 54. Noblesville was not present at the hearing, so there was no error in the ALJ's failure to consider its exhibits. While it was proper not to consider them, and we do not, we find it unnecessary to strike them from the Appellant's Appendix, as they were

11

apparently part of certain materials supplied to Noblesville by the Review Board clerk.

Accordingly, the State's motion to strike is denied as moot.

The judgment of the Review Board is affirmed.

VAIDIK, J., concurs

CRONE, J., concurs in result.