**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 09 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CARL L. JOHNSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES H. BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARL L. JOHNSON, | ) | |
| | ) | |
| Appellant-claimant, | ) | |
| | ) | |
| vs. | ) | No.  93A02-1203-EX-205 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and WILLIAMS | ) | |
| SYSTEMS LLC. | ) | |
| | ) | |
| Appellees-respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
The Honorable George H. Baker, Member
The Honorable Larry A. Dailey, Member
Cause No. 12-R-00374

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-claimant Carl L. Johnson appeals the decision of the Review Board of the Indiana Department of Workforce Development (Review Board) affirming the determination of an Administrative Law Judge (ALJ) that he voluntarily abandoned his position with appellee-respondent Williams Systems LLC (Williams) and thus was not entitled to unemployment benefits. Concluding that Johnson substantially failed to comply with the Indiana Rules of Appellate Procedure in presenting his appeal, and finding his arguments on appeal thus waived, we dismiss his appeal.

<u>FACTS</u>

Johnson began working full-time as a truck driver for Williams in November 2010. Sometime during his employment, Johnson caused damage to a tractor owned by his employer, and he was asked to sign a promissory note in the amount of $2,163.10 to be paid to Williams in bi-weekly deductions from Johnson's paychecks. On or about April 15, 2011, Johnson refused to sign the note. Although he was scheduled to work the following week, Johnson failed to report to work anytime after April 15, 2011. He claims he was told by Nate Fisher, a terminal manager for Williams, that he would not be dispatched until he signed the promissory note.

Johnson subsequently applied for unemployment benefits, and on November 11, 2011, a claims deputy for the Indiana Department of Workforce Development (IDWD)

determined that Johnson had been discharged by Williams and that Williams had failed to provide sufficient information to establish that Johnson was discharged for just cause. Williams appealed this determination, and Johnson and Sandra Hakes, President of Williams, appeared telephonically for a hearing before an ALJ on January 11, 2012.

Following the hearing, the ALJ reversed the claims deputy's determination of eligibility for unemployment benefits, finding that Johnson voluntarily abandoned his job by failing to report to scheduled shifts without giving a reason. Johnson appealed the ALJ's decision to the Review Board, which adopted the ALJ's findings and affirmed the denial of unemployment benefits. Johnson now appeals pro se.

### DISCUSSION AND DECISION

At the outset we note that Johnson has failed to comply with a number of the Indiana Rules of Appellate Procedure in bringing his appeal. Accordingly, the Review Board asks that we find Johnson's appellate claims waived and dismiss this appeal.[1] Specifically, the Review Board argues that this Court "is not in a position to review [Johnson's] appeal" because Johnson's brief presents no standard of review, no citation to legal authorities or to the record, and no cogent argument as required by Appellate Rule 46(A), and he also failed to file an appendix as required by Appellate Rule 49(A). Appellee's Br. p. 5.

---

[1] Williams has not filed an appellee's brief. We note the certificate of service on Johnson's brief reveals no indication that he served his appellant's brief on Williams. See supra discussion on pp. 7-8. In light of this apparent lack of service and the comprehensive brief filed by the Review Board, we will proceed without a brief from Williams.

Litigants such as Johnson who appear pro se "are held to the same standard as are attorneys duly admitted to the practice of law." Moore v. Review Bd. of Ind. Dep't of Workforce Dev., 951 N.E.2d 301, 306 (Ind. Ct. App. 2003). It is well-settled that this Court prefers to decide cases on their merits. Id. And we generally will not deem issues waived on appeal for "marginal deviations from compliance with the appellate rules." Russell v. Review Bd. of Ind. Dep't of Emp't & Training Servs., 586 N.E.2d 942, 949 n.1 (Ind. Ct. App. 1992). However, it is equally true that waiver is appropriate "where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors." Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev., 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (internal quotations omitted).

In this case, the Review Board contends that Johnson violated Appellate Rules 46(A)(6), 46(A)(8), and 49(A). We agree with the particular deficiencies identified by the Review Board, and we also identify violations of Appellate Rule 24 and further violations of Appellate Rule 46(A).

## I. Appellate Rule 24: Service

Johnson's present violations of the appellate rules begin with the apparently deficient service of his Notice of Appeal and appellant's brief on the other parties. Appellate Rule 24(A)(1) requires a party appealing an adverse administrative judgment to serve a copy of the Notice of Appeal on, among others, "all parties of record in the . . . Administrative Agency." Appellate Rule 24(D) further requires that all documents

4

tendered to the Appellate Clerk for filing include a certificate for service on which the party must "specifically list the persons served by name." The certificate of service for Johnson's Notice of Appeal fails to specifically list all of the persons served by name. Thus, based solely on Johnson's certificate of service, we are unable to discern whether Johnson properly served his Notice of Appeal on the required parties.

In addition, the certificate of service on Johnson's resubmitted brief is also deficient.[2] Appellate Rule 24(A)(2) requires in part that the appellant serve the brief on all parties of record in the lower proceedings, and the appellant's brief must contain a certificate of service that conforms to the requirements of Appellate Rule 24(D). Johnson did not include Williams on the certificate of service, which suggests that Johnson failed to serve Williams with his brief. This apparent failure of Johnson to serve Williams with either his Notice of Appeal or his appellant's brief warrants dismissal of his claims. Nonetheless, we proceed to address Johnson's additional violations of our appellate rules.

<u>II. Appellate Rule 46(A): The Appellant's Brief</u>

Although Johnson's brief was already returned to him once by the Appellate Clerk for various violations of the appellate rules, we note that Johnson's resubmitted brief continues to violate nearly every subsection of Appellate Rule 46(A). He violates Appellate Rule 46(A)(1) by failing to include headings or subheadings in his table of contents. Presumably because Johnson fails to cite to any authorities in his brief, he omits the table of authorities required by Appellate Rule 46(A)(2) entirely.

---

[2] Johnson's brief was initially returned to him by the Appellate Clerk, in part because the certificate of service was missing, and had to be resubmitted.

5

Johnson's brief violates Appellate Rule 46(A)(4) in that his statement of issues consists only of argument and non-cited, self-serving facts. And in Johnson's statement of case, which Appellate Rule 46(A)(5) states should "briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the . . . Administrative Agency" as well as include citations to the appellant's appendix or to the record, Johnson includes no citations and merely repeats a selection of the argument and self-serving facts that he included in his statement of issues. In short, Johnson's statement of case leaves us with no impression of the type of case being appealed or how the case came to be before us.

Appellate Rule 46(A)(6) requires that briefs have a statement of facts section that should contain only relevant facts "stated in accordance with the standard of review appropriate to the judgment or order being appealed" along with citations to the record or to the appellant's appendix for each factual assertion. For an appeal of a Review Board decision, our standard of review permits us to consider "only the evidence most favorable to the Review Board's findings." A.Y. v. Review Bd. of Ind. Dep't of Workforce Dev't, 948 N.E.2d 373, 378 (Ind. Ct. App. 2011). Here, not only is Johnson's statement of facts section lacking any citation to the record, but he also fails to present the facts most favorable to the Review Board, instead including only facts that are favorable to him and contrary to the ALJ's findings.

Johnson violates Appellate Rule 46(A)(7) by failing to include one of his apparent arguments in the summary of argument section. And in his argument section, Johnson

violates Appellate Rule 46(A)(8) by failing to support his bare assertions with "cogent reasoning" or citations to the record or to legal authorities, to recite the applicable standard of review or any procedural history, or to organize his arguments under argument headings.[3]  Johnson also fails to provide citations to the transcript where the ALJ had discussed the exclusion of a piece of evidence he wanted admitted.  See Ind. App. R. 46(A)(8)(d) (requiring citation to the transcript for challenges to the admission or exclusion of evidence).

Johnson's numerous violations of Appellate Rule 46(A) are such that they in and of themselves would warrant dismissal of his appeal.  Nevertheless, we have identified and will address one remaining violation of our appellate rules—the failure of Johnson to file an appendix.

### III.  Appellate Rule 49:  The Appellant's Appendix

By not filing an appendix, Johnson violated Appellate Rule 49(A), which states in part, "[t]he appellant shall file its Appendix with its appellant's brief."  Although Appellate Rule 49(B) then provides that waiver will not occur on the basis of a "failure to include any item in an Appendix," we emphasize that Johnson failed to file an appendix at all.  Accordingly, his appeal should be dismissed.

---

[3] Johnson's entire argument section reads, "I feel a reversible error was made because Nate Fisher was not involved in the hearing.  My most crucial piece of evidence, THE PROMISSORY NOTE, was not permitted into evidence because Ms. Hakes claimed she did not receive it."  Appellant's Br. p. 5.  To the extent that these contentions are Johnson's only claims of error, neither is availing because both resulted from Johnson's own noncompliance with the administrative hearing procedural rules.

Appeal dismissed.

ROBB, C.J., and BRADFORD, J., concur.