Lisa A. DAVIS, Appellant–Respondent,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and VOCA of Indiana LLC, Appellees–Petitioners.

No. 93A02–1101–EX–14.

Court of Appeals of Indiana.

Oct. 7, 2011.

Lisa A. Davis, Indianapolis, IN, pro se.

Gregory F. Zoeller, Attorney General of Indiana, Kathy Bradley, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Lisa A. Davis, pro se, appeals the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board"), which affirmed the decision of the administrative law judge ("ALJ") determining that she had been terminated for cause and, therefore, was not eligible for unemployment benefits. We consider the following issues for review:

1.  Whether the Review Board abused its discretion when it refused to reinstate Davis' appeal before the ALJ to allow Davis to participate in the hearing.

2.  Whether the Review Board erred when it determined that Davis had been terminated for just cause.

We affirm.

---

1.  In its appeal from the claims deputy's determination, VOCA stated that it had timely forwarded the requested information to the DWD.

### FACTS AND PROCEDURAL HISTORY

Davis worked for VOCA of Indiana LLC ("VOCA") from 2002 until July 23, 2010, when VOCA terminated her employment. Davis then applied for unemployment benefits. The Department of Workforce Development ("DWD") initially did not receive requested information from VOCA about Davis' termination,[1] and a DWD claims deputy determined that "insufficient information ha[d] been provided to sustain the employer's burden of proof" to show that Davis had been terminated for just cause. Agency Record at 1 (Exhibit 1).[2] The DWD mailed that determination to Davis and VOCA on August 16.

On August 25, VOCA appealed that determination. On October 13, the DWD sent notices to Davis and VOCA scheduling a telephonic hearing before an ALJ on October 27, 2010 at 9:15 a.m. The notices provided, in relevant part:

Telephone Hearing: If parties have documents to be used as evidence, make sure you fax or mail copies to ALL PARTIES, including the Administrative Law Judge, Employer and Claimant. *PLEASE RETURN the participation slip with your phone number.* The judge will call you at the time of the hearing. See enclosed telephone hearing instructions for more information. THE TIME INDICATED IS THE TIME AT THE HEARING SITE PLEASE READ CAREFULLY THE ATTACHED INSTRUCTIONS

Agency Record at 3, 4 (Exhibit 3). And the instructions included with the notice further provided, in relevant part:

---

2.  Davis did not include many relevant documents, such as exhibits submitted to the ALJ and DWD determinations, in her appellant's appendix. Therefore, we cite to such documentation as found in the record on appeal provided by the agency.

*Contact Telephone Number.* Provide the judge with ONE contact telephone number. Page 2 of the Notice of Hearing is a form where you can write your contact phone number with area code. You must write **legibly.** These forms may be mailed, faxed, or delivered in-person to the judge's office.... *It is your responsibility to insure that the judge has your contact telephone number.* You may call the judge's clerk 24 hours prior to the hearing to confirm your telephone number.... If you have not returned a form, the judge may attempt to call you at the number provided on your appeal statement, or from any other documents contained in the appeals file; however, *the judge is not required to search for a valid contact number.* If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing. A decision or dismissal may be issued by the judge even if you do not participate....

Agency Record at 6–7 (Exhibit 3) (some emphases in original). VOCA completed and returned a participation slip, but Davis did not.

On October 26, the ALJ contacted VOCA for the scheduled telephonic hearing. The ALJ observed at the hearing that Davis had "failed to return any indication of participation and failed to appear." Transcript at 2. Following the hearing, on the same date, the ALJ made the following findings:

[Davis] worked for the employer from January 28, 2002[,] until her separation on July 23, 2010. [Davis] was employed as a support associate. [Davis] was discharged for violating the employer's policy concerning consumer's funds and theft. On June 11, 2010[, Davis] accepted money from a consumer's family. [Davis] was supposed to use the money for the consumer's birthday which was on June 12, 2010. [Davis] was supposed to buy the consumer some gifts. On or around July 22, 2010[,] the consumer reported he never received his birthday gifts from [Davis] and that his family had given [Davis] money to be used for him. [Davis] was questioned about the money and told the employer that she was going to buy the consumer some items but went on vacation and did not buy him anything. As of October 26, 2010[,] the employer has still not received the money back from the claimant or the items she was supposed to buy for the consumer. The employers [sic] policy states that theft, unauthorized removal or wrongful possession of possessions belonging to the individuals they [sic] serve can result in corrective action up to and including termination of employment. The employers [sic] also has a policy that states they [sic] will not tolerate the misappropriation of assets and that all funds must be promptly accounted for or delivered to the consumer or the consumers [sic] representative. This policy also states that employees may not purchase items for consumers they serve. Copies of the employer's policies were admitted into evidence. These policies are uniformly enforced with no exceptions.

Agency Record at 26.[3] The ALJ reversed the claims deputy's determination of eligibility, finding that Davis was discharged for just cause and, therefore, was ineligible for unemployment benefits. Davis appealed, and on December 6 the Review Board

---

**3.** Davis has not provided a copy of the ALJ's findings and decision in the appellant's appendix.

affirmed the ALJ's decision. Appellant's App. at 2. Davis now appeals.

## DISCUSSION AND DECISION

### Standard of Review

In *Stanrail Corp. v. Review Board of the Department of Workforce Development*, 735 N.E.2d 1197, 1201–02 (Ind.Ct.App. 2000), *trans. denied*, this court set out the applicable standard of review:

> The Indiana Unemployment Compensation Act[ ] provides that "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." Ind.Code § 22–4–17–12(a). When the Board's decision is challenged as contrary to law, the reviewing court is limited to a two-part inquiry into the "sufficiency of the facts found to sustain the decision" and the "sufficiency of the evidence to sustain the findings of facts." Ind.Code § 22–4–17–12(f). Under this standard, we are called upon to review: (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *McClain v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998).

Review of the Board's findings of basic fact is subject to a "substantial evidence" standard of review. *Id.* In this analysis, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Board's findings. *General Motors Corp. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 671 N.E.2d 493, 496 (Ind.Ct.App.1996). We will reverse the decision only if there is no substantial evidence to support the Board's findings. *KBI, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 656 N.E.2d 842, 846 (Ind.Ct.App.1995).

The Board's determinations of ultimate facts involve an inference or deduction based upon the findings of basic fact and [are] typically reviewed to ensure that the Board's inference is reasonable. *McClain*, 693 N.E.2d at 1317–18. We examine the logic of the inference drawn and impose any applicable rule of law. *Id.* at 1318. Some questions of ultimate fact are within the special competence of the Board, and it is therefore appropriate for us to accord greater deference to the reasonableness of the Board's conclusion. *Id.* However, as to ultimate facts which are not within the Board's area of expertise, we are more likely to exercise our own judgment. *Id.*

Finally, we review conclusions of law to determine whether the Board correctly interpreted and applied the law. *Parkison v. James River Corp.*, 659 N.E.2d 690, 692 (Ind.Ct.App.1996). In sum, basic facts are reviewed for substantial evidence, conclusions of law are reviewed for their correctness, and ultimate facts are reviewed to determine whether the Board's finding is a reasonable one. *McClain*, 693 N.E.2d at 1318. The amount of deference given to the Board turns on whether the issue is one within the particular expertise of the Board. *Id.*

■ Davis presents a single issue on appeal, namely, whether the Review Board abused its discretion when it refused to "reinstate" her appeal before the ALJ. Appellant's Brief at 4. But in her Appellant's Case Summary ("ACS") and in her notice of appeal,[4] Davis listed only the Review Board's determination on her eligibility for

---

4. Davis' notice of appeal was not styled as such but was merely a letter asking this court to review the merits of her case.

unemployment compensation as the judgment from which she is appealing. And she did not include in the appendix on appeal any documentation showing her requests for reinstatement of her appeal or the DWD's denial of those requests. Based on the ACS and notice of appeal, the reinstatement issue is not properly before us and is waived. Waiver notwithstanding, we will briefly consider the reinstatement of the appeal before considering the Review Board's decision on the merits.

### Issue One: Reinstatement of Appeal

■ Davis contends that the Review Board abused its discretion when it did not allow her to "reinstate[ ]" her case for hearing before the ALJ. *Id.* The parties cited no statute or regulations regarding reinstatement of cases. But our research disclosed the following:

> If an appeal pending before an administrative law judge has been dismissed as the result of the appealing party failing to appear for a scheduled hearing, the appealing party may file a request for a reinstatement of their [sic] appeal. This request must be filed with the director of unemployment insurance appeals, or the director's designee, within seven (7) days from the mailing date of the dismissal. The request must show good cause for the appealing party's failure to appear for the hearing and will be granted or denied at the discretion of the director of unemployment insurance appeals, or the director's designee. If the reinstatement is granted, the hearing shall be rescheduled. If the request is denied, the appealing party may appeal the denial to the review board. No appeal shall be reinstated more than once after a dismissal.

646 Ind. Admin. Code 5–10–6(e) (2011). Here, Davis timely sought reinstatement of her appeal. But the Review Board apparently determined that she had not shown good cause for failing to appear at the hearing.

In support of her argument for reinstatement, Davis contends only that she did not realize she was required to return a participation form in order to participate in the telephonic hearing before the ALJ and that she immediately requested, both in person and in writing, that her appeal be reinstated. But the hearing notice and instructions sent to Davis clearly state that she must have returned a participation form with her telephone number, that it was her responsibility to insure that the ALJ had her contact telephone number, and that the ALJ was "not required to search" the file "for a valid contact number" for her. Agency Record at 6–7 (Exhibit 3). Davis does not deny that she received those instructions, only that she thought she was not required to follow them. Her argument is unpersuasive.

Davis also relies on *Lush v. Review Board of the Ind. Department of Workforce Development*, 944 N.E.2d 492 (Ind. Ct.App.2011), *trans. pending*, as support for her argument for reinstatement. In *Lush*, however, the claimant submitted a participation form, and he missed participating in the telephonic hearing due to an error by a third party. This court reversed the dismissal of the claimant's appeal for failure to participate on the ground that the claimant was not at fault. Here, Davis did not submit a participation form, despite the provisions in the notice and hearing instructions requiring her to do so. As such, *Lush* is not persuasive authority.

Davis had an affirmative duty to provide a telephone number, and that requirement was not unreasonable. Her failure to participate in the telephonic hearing resulted entirely from her disregard for explicit instructions that she provide the ALJ with

N

her telephone number. Thus, Davis has not shown good cause for her failure to appear at the hearing, and she has not shown that the Review Board abused its discretion when it denied her request to reinstate her appeal.[5]

### Issue Two: Termination for Cause

 In Indiana, an unemployed claimant is ineligible for unemployment benefits if he is discharged for "just cause." *See Russell v. Review Bd. of Ind. Dep't of Employment & Training Servs.*, 586 N.E.2d 942, 948 (Ind.Ct.App.1992). Here, Davis contends that her employment was not terminated for just cause and that the Review Board erred when it concluded otherwise. In essence, Davis challenges the sufficiency of the evidence to support the Review Board's decision.

Here, the evidence submitted by VOCA shows that it terminated Davis' employment for violation of certain employment policies. Evidence submitted by VOCA shows that in June 2010 she received money from the family of one of VOCA's consumers for the purpose of purchasing birthday gifts for the consumer, but Davis then went on vacation. As of October 26, 2010, VOCA had not received the money from Davis or any gifts she was supposed to purchase. Substantial evidence supports the finding that Davis violated VOCA's policies against theft, unauthorized removal or wrongful possession of others' possessions, and misappropriation of assets and that she violated the policy "that all funds must be promptly accounted for or delivered to the consumer or the consumers [sic] representative." Agency Record at 26.

Based on its finding that Davis had violated the employer's policies, the Review Board ultimately found that Davis' employment was terminated for cause. That finding is reasonable. As a result, the Review Board determined that Davis was not entitled to unemployment compensation. Davis has not shown that the Review Board erred in reaching that conclusion.

Affirmed.

RILEY, J., and MAY, J., concur.

5. In *T.R. v. Review Board of the Indiana Department of Workforce Development*, 950 N.E.2d 792, 798 (Ind.Ct.App.2011), the employee alleged a due process violation when the ALJ did not call her for the telephonic hearing where the employee had mailed a participation form but the ALJ had not received it. We held that no due process violation occurred because she was given notice and an opportunity to be heard and it was her responsibility to ensure the ALJ had her telephone number.