
FILED

Aug 05 2013, 5:21 am

CLERK
of the supreme court,
court of appeals and
tax court

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**TODD M. WESTBROOK**
Muncie, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD M. WESTBROOK | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1209-EX-759 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and YOUTH OPPORTUNITY | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE INDIANA WORKER'S COMPENSATION BOARD
Steven F. Bier, Chairperson
Cause No. 12-R-02861

**August 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Todd Westbrook appeals the Department of Workforce Development Unemployment Insurance Review Board's (Review Board) decision regarding his request for unemployment compensation. Westbrook presents a single issue for review: was Westbrook's failure to provide a telephone number and appear telephonically at the appeal hearing grounds for dismissal?

We affirm.

Westbrook submitted an application for unemployment benefits, and on April 11, 2012, a claims deputy of the Indiana Department of Workforce Development determined that Westbrook was not eligible for benefits because he voluntarily left employment without good cause. Westbrook appealed this decision, and Westbrook and the Youth Opportunity Center (Employer) were sent notices of a hearing to be held before an ALJ at 9:45 a.m. on May 2, 2012. The notices indicated that the hearing would be held by telephone and the participants would "receive a call from the judge at the number you provide on the acknowledgement sheet." *Transcript* at 4. The hearing notice also contained a section titled, "**IMPORTANT INFORMATION ABOUT THIS PROCESS,"** and it informed the reader that the acknowledgement sheet must be returned with one valid phone number capable of being utilized by the judge during the scheduled hearing. *Id.* (emphasis in original). Also, the acknowledgement form contained boxes to check that would serve as indication of the party's intention to attend. Moreover, the page contained the warning, "Failure to appear at the hearing or return the acknowledgement form could result in the administrative law judge issuing an unfavorable ruling to the non-returning or absent party." *Id.*

Employer returned the acknowledgement sheet, but Westbrook did not. Because Westbrook did not return the form or provide any contact information, the ALJ dismissed Westbrook's appeal for failure to appear.

On May 7, 2012, Westbrook requested reinstatement of his appeal, explaining he was not aware he needed to send contact information, and he assumed that "everything was okay" since the date and time of the hearing was listed on the notice. *Id*. Moreover, Westbrook claimed a mild learning disability prevented him from comprehending the notice completely. On August 23, 2012, the Review Board affirmed the ALJ's decision dismissing Westbrook's appeal of the deputy's decision finding him ineligible for unemployment compensation benefits.

Westbrook appeals *pro se*, contending his appeal to the review board should be reinstated because his lack of understanding prevented him from submitting the required information in order to receive an adequate hearing.

The Indiana Unemployment Compensation Act provides, "any decision of the review board shall be conclusive and binding as to all questions of fact." *McClain v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1316 (Ind. Ct. App. 1998). This court neither reweighs the evidence nor assesses the credibility of the witnesses and only considers the evidence most favorable to the Review Board's findings. *Id*. When reviewing unemployment compensation proceedings, the appellate court determines whether the review board's decision is reasonable in light of its findings. *Scott v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993, 995 (Ind. Ct. App. 2000). When the Review Board's

decision is challenged as contrary to law, the reviewing court considers whether the evidence is sufficient to support the findings and whether the findings are sufficient to sustain the decision. *NOW Courier, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 871 N.E.2d 384 (Ind. Ct. App. 2007).

Westbrook argues his appeal should be reinstated and the Review Board should allow him to submit evidence on the merits due to his inability to comprehend that he was required to provide a telephone number for the hearing. When a claims deputy's decision is contested and there has been a request for a hearing, an ALJ is required to provide notice of the hearing and give the parties a reasonable opportunity for a fair hearing before affirming, modifying, or reversing the decision of the claims deputy. Ind. Code Ann. §§ 22-4-17-3 and 22-4-17-6 (West, Westlaw statutes and constitution are current with all 2013 legislation). If a party in a pending hearing fails to appear before an ALJ at a scheduled hearing, the appeal is dismissed and the underlying decision will be final unless the appeal is reinstated. 646 Ind. Admin. Code 5-10-6(c)(2011). If the appeal has been dismissed for failure to appear, the appealing party may request reinstatement. 646 Ind. Admin. Code 5-10-6(e). The request must show good cause for the failure to appear at the hearing and is granted or denied at the discretion of the director of unemployment insurance appeals or the director's designee. *Id*. Westbrook does not deny that he received the notice. He argues his inability to comprehend the instructions in the notice satisfies the requirement of good cause for failure to appear, and his appeal should be reinstated.

A party to an unemployment hearing may waive the opportunity for a fair hearing

4

when he or she receives actual notice of the hearing and fails to appear or participate. *See Art Hill v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 898 N.E.2d 363 (Ind. Ct. App. 2008) (party who received notice but provided wrong contact number was not denied reasonable opportunity for a fair hearing); *S.S. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 941 N.E.2d 550 (Ind. Ct. App. 2011) (party was not denied a reasonable opportunity to participate in hearing; even though she received notice and provided a phone number, she did not answer because she was confused about time zones). In *Davis,* the petitioner argued that her appeal should be reinstated because she did not realize she was required to return an acknowledgement form with a current phone number in order to participate in a hearing before an ALJ. *Davis v. Review Bd. of the Ind. Dep't of Workforce Dev.,* 955 N.E.2d 790 (Ind. Ct. App. 2011). The court found her argument unpersuasive, and noted that she had an affirmative duty to provide a telephone number and such a request was not unreasonable. *Id*.

Westbrook's arguments are similarly unpersuasive. Westbrook was notified and given specific instructions to return the acknowledgement sheet with a current telephone number. Also, the acknowledgement sheet contained check boxes and the notice was sent with a self-addressed return envelope, which inherently infers a response was required. Westbrook failed to follow any of the instructions in the notice, even though they were written in bold type and contained section headings, such as "**IMPORTANT."** *Transcript* at 5 (emphasis in original)**.** Westbrook also claims his "small learning disability" impeded his understanding of the instructions provided in the notice. *Id*. This is simply a request to reweigh the evidence and reach a different conclusion than the Review Board. Moreover, we note that

despite Westbrook's learning disability, he was able to navigate several levels of the appeals process *pro se*. Under these facts and circumstances we cannot conclude that the Review Board abused its discretion in declining to reinstate Westbrook's appeal.

Judgment Affirm.

BARNES, J., and CRONE, J., concur.