

FILED

Oct 04 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joshua T. Rose
Abell Rose LLC
Louisville, Kentucky

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin M. L. Jones
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fidelity Automotive Group, Inc., <br><br> *Appellant*, <br><br> v. <br><br> Review Board of the Indiana Department of Workforce Development and J.R., <br><br> *Appellees*. | October 4, 2019 <br><br> Court of Appeals Case No. 19A-EX-614 <br><br> Appeal from the Review Board of the Indiana Department of Workforce Development <br><br> Steven F. Bier, Chairperson <br> Lawrence A. Dailey, Member <br><br> Cause No. 19-R-0098 |

**Brown, Judge.**

[1] Fidelity Automotive Group, Inc., ("Fidelity") appeals a decision by the Review Board of the Indiana Department of Workforce Development (the "Board") which affirmed J.R.'s claim for unemployment benefits. Fidelity raises one issue which we revise and restate as whether it was denied a reasonable opportunity for a fair hearing. We affirm.

## *Facts and Procedural History*

[2] J.R. began her employment with Fidelity on January 2, 2018, and her employment was terminated effective November 9, 2018. She filed a claim for unemployment benefits, and a claims investigator for the Department of Workforce Development ("DWD") issued a determination that J.R. was discharged for just cause and that her benefits would be reduced and suspended accordingly. J.R. appealed.

[3] A Notice of Telephone Hearing indicates that it was mailed to Fidelity and J.R. on January 9, 2019. The notice states that a hearing by telephone was scheduled before an administrative law judge ("the ALJ") for January 22, 2019, at 1:00 p.m. It states "you will receive a call from the Judge at the number you provide by telephone or on the Acknowledgement Sheet." Exhibits at 8. Under the heading "IMPORTANT INFORMATION ABOUT THIS PROCESS" on the first page, the notice states:

> 1) To participate in this hearing, you **MUST** deliver the enclosed **Acknowledgement Sheet** to the Appeals office by mail, fax, or in person **OR** provide your telephone number by calling the number below.

2) Provide only **ONE** telephone number on the **Acknowledgement Sheet or by telephone**. At the scheduled date and time of your hearing the Judge will call YOU at THIS telephone number.

3) If you have documents you want the Judge to consider you **MUST** deliver them by mail, fax, or in person to the Appeals office AND the other party. The documents must be received **at least 24 hours BEFORE** the date of the scheduled hearing.

* * * * *

5) Other **IMPORTANT INFORMATION** is provided in the enclosed **U.I. APPEALS HEARING INSTRUCTIONS** sheet.

6) If you have any questions, or would like to provide your telephone number for the hearing, contact the Appeals office by telephone at . . . .

*Id*. The U.I. Appeals Hearing Instructions state in part:

**BEFORE THE DATE OF THE HEARING**

**Contact Number**: Return the enclosed Acknowledgment Sheet or call the Appeals office to provide **ONE** contact number to reach you. If your hearing is by telephone, this is the number the judge will call for the hearing. . . . Provide your contact number by telephone, mail, fax, or in person **AT LEAST 24 hours prior to the hearing**. You must write legibly. If you deliver the sheet by fax, be sure to keep the fax confirmation to prove that your document was sent, should any problem arise later. It is your responsibility to ensure that the judge has your contact telephone number. You may call the judge's clerk 24 hours before the hearing to confirm your telephone number. . . . If you are scheduled for a telephone hearing and have not provided your telephone number, the judge may attempt to call you at the number provided on your appeal statement. However, the judge is not required to search for a valid

> contact number. If the judge is not able to reach you, regardless of the cause, it may be considered as a lack of response and participation in the hearing. A decision or dismissal may be issued by the judge even if you do not participate.

*Id*. at 10.

[4] On January 22, 2019, the ALJ held the scheduled telephonic hearing. At the start of the hearing, the ALJ called J.R. on the telephone and stated "normally the Employer would testify first. At this point, I don't have a telephone number for the Employer, so the testimony will begin with me asking you questions, and then give you an opportunity to add further to your testimony." Transcript Volume 2 at 3. The ALJ later stated, "I don't know what the Employer - their position is in this situation, if they don't provide testimony at the hearing," and "I don't base my decision on anything other than what's presented during the course of this hearing." *Id*. at 4. The ALJ heard J.R.'s testimony.

[5] On January 25, 2019, the ALJ issued a decision which reversed the determination of the claims investigator, found "[t]here is insufficient evidence that the claimant engaged in misconduct based upon the reasons cited by the claimant which constitute a breach of a duty reasonably owed to the employer," and concluded that J.R. was discharged but not for just cause. Exhibits at 18.

[6] The appellee's appendix contains a document with a fax transmittal cover sheet indicating it was faxed to DWD. The field for the date on the cover sheet states January 25, 2019, the sheet is file-stamped as received and filed by the Board on January 28, 2019, and the fax transmittal confirmation text appearing along the

bottom edge of the document states "Received Time Jan. 28, 2019 10:21AM No. 9494." Appellee's Appendix Volume 2 at 21. The cover sheet states: "Comments: I have attached all paperwork that is relevant to this claim. We waited for 60 minutes for the unemployment hearing phone call but never got the call. It would appear that there was a FAX transmission error; only part of the paperwork that we faxed went through but not the form that indicated that we would attend the hearing." *Id*. One of the pages of the faxed document was a completed Acknowledgement Sheet. On January 30, 2019, Fidelity sent a fax transmittal to the Board requesting an appeal and stating: "I faxed in all documents 19 pages in total and we were present for the hearing on . . . 1/22/2019 at 1pm and waiting the 60 minutes as indicated," "[u]nfortunately, the next day we discovered that only part of the fax transmission went through that informed the Appeals Hearing that we wanted to participate," "[t]he document that stated we were going to participate was one of the documents that failed to fax," and "I would also like to submit evidence to the Review Board (I have faxed the documents) with this letter." *Id*. at 3.

[7] On February 15, 2019, the Board issued a decision indicating that no additional evidence was accepted, adopting and incorporating by reference the findings and conclusions of the ALJ, and affirming the ALJ's decision.

### *Discussion*

[8] Upon review of an unemployment compensation proceeding, we determine whether the Board's decision is reasonable in light of its findings. *T.R. v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 950 N.E.2d 792, 794 (Ind. Ct. App. 2011),

*adhered to on reh'g.* We are bound by the Board's resolution of all factual issues, and accordingly we do not reweigh evidence or assess the credibility of witnesses. *Id.* at 794-795. We consider only the evidence and reasonable inferences which are most favorable to the Board's decision and will not set aside the decision if there is substantial evidence of probative value in support thereof. *Id*. at 795. We determine de novo whether the Board correctly interpreted and applied the law. *Id*. Whether a party was afforded due process in an unemployment proceeding is a question of law. *Id*.

[9] Fidelity claims that it was not afforded a reasonable opportunity for a fair hearing on its objection to J.R.'s petition for unemployment benefits as required by Ind. Code § 22-4-32-5, which provides in part that "the liability administrative law judge, after affording the parties a reasonable opportunity for a fair hearing, shall make findings and conclusions, and, on the basis thereof, affirm, modify, or reverse the initial determination of the department." Fidelity argues "[t]he ALJ knew that Fidelity was challenging unemployment benefits, because Fidelity had challenged benefits with [the] Claims Investigator and faxed additional information to the Department in advance of the hearing" and, "[d]espite this knowledge, the ALJ made no effort to attempt to contact Fidelity." Appellant's Brief at 6. It argues: "Thereafter, Fidelity attempted repeatedly to obtain the opportunity for a fair hearing by appealing to the Review Board and even hired counsel to move for reconsideration. But the Review Board stonewalled Fidelity at every turn." *Id*. It states "[e]mployers like Fidelity should not have to incur the expense of appeal and burden the

Court of Appeals in situations like this," and "[i]n the interests of justice, due process and efficiency, the Review Board should have granted [its] request for a hearing." *Id*. It requests that this Court remand with instructions to provide it with a hearing to present evidence.

[10] The Board responds that Fidelity has waived its claim by failing to present cogent argument, cite a standard of review, provide an analysis regarding a reasonable opportunity for a fair hearing, or cite to the record to show that it actually faxed documents to the Board before the hearing. It argues that the fax dated January 25, 2019, was received by the Board on January 28, 2019, after the January 22, 2019 hearing. It states that Fidelity was provided with notice of the hearing and multiple avenues to confirm its appearance but failed to do so and that Fidelity does not assert that it did not receive the notice. It contends that Fidelity conceded that it failed to send the sheet indicating it wanted to participate in the hearing and that it did not follow up with the ALJ to confirm its telephone number and appearance before the hearing. It further argues that "[t]he alleged failure of the fax machine to send the acknowledgment sheet, as well as [Fidelity's] failure to follow up with the ALJ, could have been anticipated and avoided by [Fidelity]." Appellee's Brief at 17-18. The Board states that, like in *T.R.*, 950 N.E.2d 792, the Board provided ample notice to Fidelity and Fidelity had a reasonable opportunity to participate in the hearing but failed to take advantage of that opportunity. It also argues that the Board did not err in denying Fidelity's request for a hearing and that the ALJ's decision is reasonable and supported by substantial evidence in the record. In

reply, Fidelity argues that Indiana has a strong preference for deciding cases on their merits and avoiding defaults and that, "just as in *Lush* [*v. Rev. Bd. of the Ind. Dep't of Workforce Dev.*, 944 N.E.2d 492 (Ind. Ct. App. 2011), *reh'g denied*, *trans. denied*], the minimal burden and cost associated with rescheduling a hearing far outweighs awarding or denying unemployment benefits that are not challenged on the merits." Appellant's Reply Brief at 4.

[11] We note that Fidelity does not argue that it did not receive the Notice of Telephone Hearing mailed on January 9, 2019, which set forth the date and time of the telephonic hearing and provided that, to participate in the hearing, Fidelity was required to deliver the enclosed Acknowledgement Sheet to the appeals office by mail, fax, or in person or provide a telephone number. The notice also provided that any documents must be received at least twenty-four hours before the hearing. Further, the U.I. Appeals Hearing Instructions instructed the parties to provide a contact number by telephone, mail, fax, or in person at least twenty-four hours prior to the hearing, that they should "be sure to keep the fax confirmation to prove that your document was sent, should any problem arise later," and that they "may call the judge's clerk 24 hours before the hearing to confirm [their] telephone number." Exhibits at 10.

[12] Fidelity does not cite to the record to show that it delivered a completed Acknowledgement Sheet or otherwise provided a telephone number to the ALJ or the appeals office prior to the January 22, 2019 hearing as instructed. Although the appellee's appendix contains a fax transmittal to DWD containing a completed Acknowledgement Sheet, the field for the date on the

cover sheet states January 25, 2019, the sheet is file-stamped as received and filed by the Board on January 28, 2019, and the fax transmittal confirmation information states the document was transmitted on January 28, 2019. Fidelity also does not assert that it called the judge's clerk to confirm its telephone number or retained a fax confirmation to prove its document was sent as stated in the U.I. Appeals Hearing Instructions. Fidelity does not demonstrate that it delivered a completed Acknowledgement Sheet or a telephone number to the ALJ or the appeals office prior to the hearing.

[13] Based upon the record, we conclude that Fidelity has not established that under the circumstances it was denied due process or a reasonable opportunity to participate in a telephonic hearing. *See T.R.*, 950 N.E.2d at 795-796 (noting the instructions received by the claimant and holding that, although the claimant alleged that she had mailed in a participation sheet, she did not follow up to confirm that the administrative law judge had received her sheet or had her correct phone number; that, while the claimant did not take an affirmative action to waive her opportunity to participate, her missed opportunity to participate in the hearing could have been anticipated and prevented; and that she was given notice and an opportunity to be heard and her failure to take advantage of the opportunity to be heard did not constitute a denial of due process); *Davis v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 955 N.E.2d 790, 794 (Ind. Ct. App. 2011) (finding the claimant did not submit a participation form despite provisions in the notice and hearing instructions requiring her to do so, she had an affirmative duty to provide a telephone number, that requirement

was not unreasonable, and her failure to participate in the telephonic hearing resulted entirely from her disregard for the hearing instructions); *Art Hill, Inc. v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 898 N.E.2d 363, 368 (Ind. Ct. App. 2008) (noting the employer provided a telephone extension to the administrative law judge's office two days before the hearing but failed to notify it that its contact telephone number changed prior to the hearing and holding that a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing and that the employer was not denied a reasonable opportunity for a fair hearing or due process).[1]

[14] For the foregoing reasons, we affirm the Board's decision.

[15] Affirmed.

---

[1] To the extent Fidelity cites *Lush*, we find the case to be distinguishable. In *Lush*, the claimant provided a telephone number to a union hall, the union hall operator was unable to locate the claimant, and the claimant indicated that he was present at the union hall but was told that he had not received a call from the administrative law judge. 944 N.E.2d at 496. This Court held that, "without deciding whether the Board's dismissal of Lush's appeal rises to the level of a due process violation, equitable considerations underlying the Act and its humanitarian purposes lead unmistakably to the conclusion that this dismissal should be reversed" and that "[t]he Board's decision to uphold the dismissal of an appeal as the result of a missed phone call, in this situation, is greatly out of proportion to the minimal costs of rescheduling a second telephonic hearing between Lush and the ALJ." *Id.* Here, Fidelity does not show that it delivered a completed Acknowledgement Sheet or otherwise provided a telephone number prior to the hearing. *See Davis*, 955 N.E.2d at 794 (noting that, unlike the claimant in *Lush*, Davis did not submit a participation form despite the notice and hearing instructions requiring her to do so and, as such, *Lush* was not persuasive authority). We also note that the ALJ held a hearing at which it heard J.R.'s testimony and entered findings and conclusions. *See T.R.*, 950 N.E.2d at 797 (noting our preference for deciding cases on their merits but stating that, unlike in *Lush*, the administrative law judge actually held a hearing, T.R.'s employer appeared and presented evidence, and the administrative law judge entered findings of fact and conclusions of law based on the merits).

Altice, J., and Tavitas, J., concur.