## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2018, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

A.U.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Patricia C. McMath
Deputy Attorneys General

Heather D. Cummings
Review Board Staff Attorney
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.U.,

*Appellant-Defendant,*

v.

Anonymous Company and Review Board of the Department of Workforce Development,

*Appellee-Plaintiff.*

April 20, 2018

Court of Appeals Case No.
93A02-1708-EX-1968

Appeal from the Review Board of the Indiana Department of Workforce Development

Case No.
17-R-0823

**Mathias, Judge.**

[1] A.U. appeals pro se the Indiana Department of Workforce Development Review Board's ("the Board") Decision terminating his unemployment benefits after concluding that he was discharged for just cause. A.U. claims the Board's decision is not supported by the evidence.

[2] We affirm.

## Facts and Procedural History

[3] A.U. was employed by a car wash company ("the Company") for nearly three years when his employment was terminated on May 6, 2017 for insubordinate behavior. A.U. filed a claim for unemployment benefits. A claims deputy made an initial determination that A.U. was not discharged for just cause. The Company appealed the determination, and a telephonic hearing was held on July 5, 2017.

[4] During the hearing, the Company explained that A.U.'s employment was terminated for two reasons. First, A.U., who was a supervisor and trained to close the store, was scheduled to close the store on a Saturday. Typically, stores are closed by shift managers on Saturdays, but the shift managers were attending the annual company banquet on Saturday, May 20. A.U. wrote "no" on the schedule where it stated that he was responsible for closing the store, indicating A.U.'s refusal to close the store that evening. A.U. believed that one of the newly hired managers should have been asked to close the store. And, A.U. claimed he asked to be reclassified as an associate (and would therefore

not have the authority to open or close a store) instead of a supervisor because he wanted to find a second job.[1]

[5]  The Company also terminated A.U.'s employment because he refused to offer feedback on an anonymous survey every employee is required to complete. A.U. did not want to complete the survey because he believed that the survey responses had not remained anonymous in the past, and the feedback A.U. had offered about his coworkers and managers had been shared with those individuals.

[6]  The Administrative Law Judge ("the ALJ") concluded that A.U. was insubordinate because he wrote on the schedule that "he was not going to work an assigned shift instead of addressing his issues in a private manner with the general manager." Ex. Vol. p. 22. The ALJ also found that A.U. was insubordinate because he failed to complete "the required surveys honestly regardless of whether or not a coworker became upset about hearing true feedback of an issue." *Id*. The ALJ concluded that A.U.'s insubordination justified his discharge and reversed the decision of the claims deputy.

[7]  A.U. appealed the ALJ's determination to the full Board. On August 2, 2017, the Board adopted and affirmed the ALJ's decision that the Company

---

[1] The Company's policy prohibited supervisors and managers from having additional employment.

discharged A.U. for just cause, and therefore, he was not entitled to unemployment benefits. A.U. now appeals pro se.[2]

## Discussion and Decision

[8] The decisions of the Review Board may be reviewed for legal error, but they are conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a); *McClain v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1316–17 (Ind. 1998). Our review is limited to the sufficiency of the facts supporting the decision and the sufficiency of the evidence to sustain the findings of fact. I.C. § 22-4-17-12(f); *McClain*, 693 N.E.2d at 1317. We will review the Review Board's findings of basic fact for substantial evidence, findings of ultimate fact (mixed questions of law and fact) for reasonableness, and legal conclusions de novo. *Chrysler Group, LLC v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122–23 (Ind. 2012). In conducting our review, we will neither reweigh the evidence nor assess witness credibility. *Id.* at 122.

[9] In Indiana, an employee is ineligible for unemployment benefits if he or she is discharged for just cause. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958

---

[2] Pro se litigants are held to the same standard as trained attorneys. *See T.R. v. Review Bd. of Ind. Dep't of Workforce Development*, 950 N.E.2d 792, 795 (Ind. Ct. App. 2011). A.U. included exhibits in his Appendix that were not submitted to the A.L.J during the hearing on his claim for unemployment benefits. We are prohibited from considering the exhibits in A.U.'s appendix that were not submitted during A.U.'s hearing before the A.L.J. *See T.R.,* 950 N.E.2d at 797–98. Also, in his statement of the issues, A.U. states that he requested a hearing before the full Board and wanted to submit these exhibits, but his request was not granted. But A.U. does not argue that the Board erred by failing to hold an additional hearing and does not cite to any authority that would support that claim. Therefore, we do not address this issue on appeal. *See* Ind. Appellate Rule 46(A)(8)(a).

N.E.2d 1136, 1140–41 (Ind. 2011); Ind. Code § 22-4-15-1. Indiana Code section 22-4-15-1(d) delineates nine non-exclusive scenarios that can amount to "[d]ischarge for just cause," which includes "any breach of duty in connection with work which is reasonably owed an employer by an employee[.]" When we apply a breach of duty analysis in this context:

> The Board should consider whether the conduct which is said to have been a breach a duty reasonably owed to the employer is of such a nature that a reasonable employee of the employer would understand that the conduct in question was a violation of a duty owed the employer and that he would be subject to discharge for engaging in the activity or behavior.

*Recker*, 958 N.E.2d at 1140 (citation omitted).

[10] Moreover, the Department of Workforce Development has promulgated the following administrative rule defining "duty" and "breach of duty:"

> (a) In order to qualify as a breach of duty for unemployment insurance purposes, the duty must be:
>
>> (1) reasonably connected to the work;
>>
>> (2) reasonably owed to the employer by the employee; and
>>
>> (3) of such a nature that a reasonable employee would recognize a violation of the duty, and would understand that such a violation of the duty would subject the individual to discharge.
>
> (b) A breach of duty reasonably owed to an employer includes, but is not limited to, conduct which establishes that the claimant:
>
>> (1) damaged the employer's trust and confidence in the claimant's ability to effectively perform the job;

(2) willfully failed to meet the employer's reasonable expectation;

(3) chose a course of action that the claimant knew, or should have known, would negatively impact the employer's financial interests;

(4) demonstrated an intentional or substantial disregard for the employer's interests;

(5) intentionally or knowingly injured, or attempted to injure, the employer's financial interests;

(6) intentionally chose a course of action that pitted the claimant's interests against the employer's interests to the detriment of the employer; or

(7) showed carelessness or negligence to such a degree, or with such recurrence, as to cause damage to the employer's interests.

648 I.A.C. 5-8-6.

[11] The Company reasonably required A.U. to work his scheduled shifts absent illness or planned time off. The Company reasonably scheduled A.U. to close the store because A.U. had the requisite training and experience to do so. The Company also reasonably required all of its employees to periodically participate in an anonymous survey for the purpose of reviewing the employee's ability to serve customers, ability to work with co-worker's and overall job satisfaction. Tr. p. 9.

[12] A.U. refused to meet the Company's reasonable expectations when he refused to work the scheduled shift with the responsibility of closing the store and refused to provide feedback on the required survey. This evidence sufficiently establishes that A.U. breached a duty in connection with work which was

reasonably owed to the Company. For these reasons, the Board did not err when it concluded that A.U. was discharged for just cause.

[13] Affirmed.

Najam, J., and Barnes, J., concur.